**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Josie Mae BRACKENRIDGE,
Defendant-Appellant.**

No. 78–2808.

United States Court of Appeals,
Ninth Circuit.

Feb. 6, 1979.

Certiorari Denied April 2, 1979.
See 99 S.Ct. 1801.

Judith A. Clarke (argued), San Diego, Cal., for defendant-appellant.

Bruce R. Castetter, Asst. U. S. Atty., San Diego, Cal. (on the brief), Michael H. Walsh, U. S. Atty., Bruce R. Castetter, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before BROWNING and ANDERSON, Circuit Judges, and CLAIBORNE *, District Judge.

* Honorable Harry E. Claiborne, United States District Judge for the District of Nevada, sitting by designation.

PER CURIAM:

Appellant was hired by Celia Marfone as a part-time nurse to care for Mrs. Marfone's sick husband. The Marfones had recently moved to San Diego from Philadelphia, where they maintained savings accounts at Western Savings Bank and at Philadelphia Savings Fund Society. A week after appellant was hired, Mrs. Marfone discovered that her bank book had been taken from her purse and that a withdrawal had been made on at least one of the accounts.

About the same time, appellant opened accounts at California First Bank with a $14,000 check drawn on the Marfones' Western Savings account and a $2,500 check drawn on the Philadelphia Savings account. The checks had been procured by withdrawal letters bearing Mrs. Marfone's forged signature and instructing the banks to send the checks to a National City address at which appellant operated a boutique. Appellant was charged with mail fraud in violation of 18 U.S.C. § 1341 and using a false and fictitious name in a scheme to defraud in violation of 18 U.S.C. § 1342. A jury found her guilty. We affirm.

[redacted] Appellant argues that the evidence was not sufficient to permit the jury to conclude that the mails had been used to get the $2500 Philadelphia Savings Fund Society check to appellant. The check was initialed by an employee of the Society's bank-by-mail department. Testimony from the manager of that department established that routine custom and practice for handling cross-country withdrawal requests would result in a mailing. That is adequate circumstantial evidence to support the inference that the check cashed by appellant in this case was mailed. Direct proof of mailing was not required. *See United States v. Joyce*, 499 F.2d 9, 15 (7th Cir. 1974); *United States v. Fassoulis*, 445 F.2d 13, 17 (2d Cir. 1971). *See also Stevens v. United States*, 306 F.2d 834, 835 (5th Cir. 1962).

[redacted] Appellant also contends that her trial counsel was ineffective for failing to move for a judgment of acquittal at the close of the prosecution's case-in-chief because no evidence had been introduced to link appellant to the National City address in the withdrawal letters. The jurors could reasonably have found appellant guilty without knowing that the address had some special connection to her. A motion for judgment of acquittal therefore would have been denied, and it was neither unreasonable nor prejudicial for counsel not to make such a fruitless motion. *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978).

Nor was it unreasonable to call appellant to the stand, even though, as her appellate counsel now puts it, her testimony "left little doubt that the evidence warranted a conclusion contrary to that sought by the defendant." Absent some evidence that trial counsel coerced or misguided her into testifying, the choice to take the stand was appellant's. Further, the case-in-chief against appellant was sufficiently strong that a "reasonably competent attorney acting as a diligent conscientious advocate" would have thought it wiser to have the jurors hear appellant's version of events than to leave them with only the prosecution's uncontradicted version. *Cooper v. Fitzharris, supra*, 586 F.2d at 1330.

Affirmed.