**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ADELBERT NICO, JR., Defendant**

Criminal No. 80-90

District Court of the Virgin Islands

Div. of St. Croix

October 12, 1983

MELVIN EVANS, ESQ., Assistant United States Attorney, Christiansted, St. Croix, V.I., *for plaintiff*

ADELBERT NICO, JR., Oxford, Wisconsin, *pro se*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

By complaint filed May 30, 1980, with the Juvenile and Domestic Relations Division of the Territorial Court of the Virgin Islands, Adelbert Nico, Jr., was charged with first degree murder and various other felonies enumerated under the mandatory transfer provision of 4 V.I.C. § 176(a) (Supp. 1982). At the time he was charged Mr. Nico was sixteen years of age. By order dated July 2, 1980, the government's case against Mr. Nico was transferred to the District Court of the Virgin Islands pursuant to the aforementioned transfer provision. 4 V.I.C. § 176(a) (Supp. 1982).

Upon trial by jury defendant was convicted, on October 20, 1980, of second degree murder, two counts of third degree assault, two counts of attempted first degree robbery, two counts of third degree burglary, grand larceny, and unlawful possession of an unlicensed firearm during the commission of a crime of violence. On December 11, 1980, with respect to the second degree murder conviction, Nico was committed by this Court to the custody of the Virgin Islands Bureau of Corrections for imprisonment for a period of thirty years, the sentences imposed for his lesser crimes to be served concurrently with his sentence for murder. He is currently incarcerated at the Federal Corrections Institution, Oxford, Wisconsin.

Nico now moves this Court under 28 U.S.C. § 2255 (1976) to vacate, set aside, or correct his sentence. He prays simply for "all relief to which he may be entitled." Motion under 28 U.S.C. § 2255 at 7, Government v. Nico (D.C.V.I. 1980) (No. 80-90) (motion dated March 17, 1983).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides, in pertinent part, that "[i]f it plainly appears from the face of the motion and . . . the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255, R. 4(b) (1976). Movant proffers three grounds to support his contention that his incarceration is unlawful. As all three are insufficient, either as a matter of law or in light of the record of the prior proceedings, this Court will dismiss the motion.

■ Movant claims that he should have been sentenced under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (1976) or, in the alternative, should have been treated as a juvenile delinquent under 18 U.S.C. §§ 5031–5042 (1976). These contentions are without merit. The Federal Youth Corrections Act, by its terms, applies only "in the States of the United States and in the District of Columbia." 18 U.S.C. § 5024 (1976). Exclusion of the territories from the statute's coverage is conspicuous. The Federal Youth Corrections Act simply does not apply in the Virgin Islands.

■ Movant's contention that he should have been treated as a juvenile delinquent under 18 U.S.C. §§ 5031–5042 is similarly meritless. For purposes of this chapter, juvenile delinquency is defined as "violation of a law of the United States committed by a person prior to his eighteenth birthday." 18 U.S.C. § 5031 (1976). This movant violated the laws of the Virgin Islands. He was not, and is not, entitled to be treated as a juvenile delinquent under the federal juvenile delinquency statutes.

■ Movant further contends that his current incarceration is unlawful because he was not competent at the time of his testimony. There is no question that one who has been convicted without having raised the issue of his competency to stand trial may raise such issue by means of a post-conviction motion under 28 U.S.C. § 2255. See Sanders v. United States, 373 U.S. 1 (1963).

■ Movant asserts that due to a severe beating he "was not in [a] normal state of mind during trial proceedings." Motion under § 2255 at 5. However, in light of the coherence and comprehension movant demonstrated at trial, as revealed in the record of the trial proceedings and recollected by this Court, there is no question that at the time of trial movant had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and

had "a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960) (per curiam). See generally testimony of Adelbert Nico, Jr., Trial Transcript at 207–237, Government v. Nico (D.C.V.I. 1980) (80-90). Nico was competent to stand trial.

Finally, movant contends that he was denied effective assistance of counsel. In support of this claim movant asserts that his counsel failed to move for acquittal before submission of the case to the jury. Movant complains further of what this Court will interpret as counsel's failure to request a competency hearing. Finally, movant complains of counsel's failure to insist that movant be sentenced as a youthful offender under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (1976).

■■ It is well established that "[t]he Sixth Amendment not only provides defendants in criminal proceedings the right to assistance of counsel, but also guarantees that such assistance will be effective." United States v. Swinehart, 617 F.2d 336, 340 (3d Cir. 1980). For such purposes, effectiveness is defined as "the exercise of the customary skill and knowledge which normally prevails at the time and place." Moore v. United States, 432 F.2d 730, 736 (3d Cir. 1970) (en banc), cited with approval in United States v. Swinehart, 617 F.2d at 340. To prevail on a claim of ineffective assistance of counsel "a defendant must demonstrate that his counsel's performance fell below the Moore standard and resulted in prejudice to the client." United States v. Swinehart, 617 F.2d at 340.

Extensive review of the record of the prior proceedings in this case indicates that counsel's overall performance met the constitutional standard for effective assistance. A fortiori, defendant was not prejudiced by ineffective assistance. The particular omissions of which defendant complains are each and severally insufficient to support a claim of ineffective assistance.

■ A motion for acquittal will be granted only where "the evidence is insufficient to sustain a conviction" of the offense or offenses charged. Fed. R. Crim. P. 29. At the close of the prosecution's case, defense counsel moved to dismiss Count XI, "interfering with an officer discharging his duties" in violation of 14 V.I.C. § 1508 (1964). Trial Transcript of 195–199. This motion was granted. The evidence adduced at trial was ample to support conviction on the remaining counts. While it is perhaps customary for defense counsel to move for acquittal on all counts before a criminal case is submitted to the jury, it is neither unreasonable nor prejudicial for counsel to refrain

from making such a motion where denial is virtually certain. See United States v. Brackenridge, 590 F.2d 810, 811 (9th Cir.), cert. denied, 440 U.S. 985 (1979).

Counsel's failure to request a competency hearing is similarly reasonable. In light of movant's manifest competence to stand trial, counsel's failure to assert the lack of such competence hardly evidences failure to exercise the skill and knowledge customary in the criminal defense bar.

Finally, as explained above, movant was not entitled to be sentenced under the Federal Youth Corrections Act. Counsel's failure to insist on sentencing under such act thus could not have had a prejudicial effect.

The motion under § 2255 will therefore be dismissed with prejudice. As this principal motion is to be dismissed, this Court will dismiss as moot the motions filed supplemental thereto.

The premises considered and the Court begin fully advised,

IT IS ORDERED that the motion of Adelbert Nico, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be, and the same is, hereby DISMISSED; and

IT IS FURTHER ORDERED that the motion of Adelbert Nico, Jr., for appointment of counsel be, and the same is, hereby DISMISSED; and

IT IS FURTHER ORDERED that the motion of Adelbert Nico, Jr., to proceed in forma pauperis be, and the same is, hereby DISMISSED; and

IT IS FURTHER ORDERED that the motion of Adelbert Nico, Jr., for production of documents be, and the same is, hereby DISMISSED; and

IT IS FURTHER ORDERED that the motion of Adelbert Nico, Jr., to allow discovery be, and the same is, hereby DISMISSED.