# JAMES CALLWOOD, Plaintiff

## v.

# GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 89-95

District Court of the Virgin Islands

Div. of St. Croix

November 16, 1990

JAMES CALLWOOD, Lewisburg, PA, *pro se*

ASSISTANT ATTORNEY GENERAL, V.I. Department of Justice, St. Croix, V.I., *for defendant*

BROTMAN, *Acting Chief Judge*

## MEMORANDUM

Presently before the Court are a motion to vacate, set aside and correct sentence filed pursuant to 28 U.S.C.A. § 2255, a motion to amend Section 2255 motion, and two motions for preliminary consideration by a judge or in the alternative motion to issue a show cause order filed by pro se petitioner James Callwood ("Callwood"). To date, no responses have been filed by the defendant Government of the Virgin Islands ("Government").[1]

Both motions for preliminary consideration request that the Court review Callwood's claims pursuant to Rule 4 of the Rules Governing Section 2255 motions.[2] Having done so, the Court finds that Call-

---

[1] The Court notes, however, that Callwood's motions do not include certificates of service.

[2] Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides:

[t]he motion together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not

wood's 2255 motion may be ruled upon in a summary fashion and thus, no evidentiary hearing is necessary. See Government v. Nico, 20 V.I. 321, 324 (D.V.I. 1983); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) ("Bald assertions and conclusory allegations do not afford sufficient ground for an evidentiary hearing."); Johnson v. Gray, 705 F. Supp. 244, 279 (E.D.Pa. 1989). For the following reasons, Callwood's motion to vacate, set aside and correct sentence will be denied.

## I. FACTS

On August 23, 1983, James Callwood was arrested in St. Thomas for the murder of John Bruggerman. At the time of his arrest, Callwood was sixteen (16) years of age and thus a "child" as defined by V.I. Code Ann. tit. 5, § 2501(3) (Equity 1967).[3]

As a child, Callwood's case automatically fell under the jurisdiction of the Family Division of the Territorial Court. See V.I. Code Ann. tit. 4, § 172(1)(D) (Equity 1967). Virgin Islands law, however, also provides in pertinent part that

[n]otwithstanding any other provision of this chapter to the contrary, if a child 16 years of age or older is charged with one of the following felonies: arson in the first degree, assault in the first, second or third degree, burglary in the first, second, or third degree, incendiarism, extortion, kidnapping, grand larceny, forgery, mayhem, carnal abuse of a child under 16 years of age, rape in the first or second degree, robbery, murder in the first or second degree, or voluntary manslaughter, the child shall be tried under proper adult criminal proceedings in either the Territorial Court or the District Court, whichever has jurisdiction.[4]

Callwood was charged with counts of burglary first degree, murder first degree, murder second degree, carrying or using a dangerous

---

entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

[3] V.I. Code Ann. tit. 5, § 2501(3) provides that a "child" is "a person less than 18 years of age." This section was subsequently recodified at V.I. Code Ann. tit. 5, § 2502(7) (Equity Supp. 1990). Act Sept. 24, 1983, No. 4855, § 2, Sess. L. 1983, p. 186.

[4] See V.I. Code Ann. tit. 4, § 176 (Equity Supp. 1980), 1980 V.I. Acts 4398–4526 at 150. This section was repealed by Act Sept. 24, 1983, No. 4855, § 1, Sess. L. 1983, p. 138. It is now recodified at V.I. Code Ann. tit. 5, § 2508(a) (Equity Supp. 1990).

weapon and carrying of an illegal firearm. He therefore was to be tried as an adult. V.I. Code Ann. tit. 4, § 176 (Equity Supp. 1980), 1980 V.I. Acts 4398–4526 at 150.[5] On August 26, 1983, Callwood received a transfer hearing,[6] before Territorial Court Judge Alphonso A. Christian who found there was good cause to transfer his case to the District Court.

Subsequently, Callwood chose to plead guilty to murder second degree. On November 9, 1983, he received a sentence of forty (40) years' imprisonment. See Government of the Virgin Islands v. Callwood, Criminal Nos. 83-127 and 83-136. Callwood is currently serving this sentence at the Federal Penitentiary in Lewisberg, Pennsylvania.

On December 8, 1983, while awaiting transfer to a stateside penal institution, Callwood was transferred from St. Thomas to the Anna's Hope Detention Center in St. Croix. On December 25, 1983, Callwood and two other prisoners jumped over the detention center's fence and escaped. Callwood was captured the following day.

During the period of time immediately preceding his recapture, a confrontation took place between Callwood and St. Croix Public Safety Officer, Manual Zurita.[7] It appears that on December 26, 1983, members of the St. Croix Office of Public Safety traced the escapees to an abandoned housing project. Officer Zurita states on the record that while he was searching what he believed to be an empty bedroom, he realized that Callwood was hiding in the room's closet and in possession of a firearm. The two men struggled, during which time, Callwood was shot by Officer Zurita. Callwood was later treated for his wound and charged with escape from custody and possession of an unlicensed firearm. See Government of the Virgin Islands v. Callwood, Criminal No. 84-3.

On February 8, 1984, Callwood pleaded guilty to escape from custody. See V.I. Code Ann. tit. 14, § 661 (Equity 1964). The Court sentenced him to five (5) years' imprisonment, to be served consecutively with his earlier received forty (40) year sentence. It is the

[5] See infra note 4.

[6] See Government of the Virgin Islands v. Callwood, Criminal Nos. 83-127 and 83-136.

[7] The specific facts of this encounter are set forth in greater detail in the records of Callwood v. Zurita, et al., Civil No. 88-34 and Government of the Virgin Islands v. Callwood, Criminal No. 84-3. The Court is aware that Callwood heavily disputes the facts of this confrontation, but these facts are not relevant to the issues raised in the instant 2255 motion and will not be considered at length.

validity of the February 8, 1984 sentence that is the subject of Callwood's instant 2255 motion.

## II. DISCUSSION

In his motion to vacate, set aside and correct sentence, Callwood claims that his February 8, 1984 conviction should be set aside because he received ineffective assistance of counsel. Furthermore, Callwood has filed a motion to amend Section 2255 motion, asserting that his February conviction is invalid because as a minor, he failed to receive a transfer hearing, transferring him from the Territorial Court to that of the District Court. Callwood's motion to amend section 2255 motion will be granted herein. The Court will consider all 2255 claims at this time.[8]

A. *Ineffective Assistance of Counsel*

Callwood first asserts that his February 1984 conviction is invalid because he received ineffective assistance of counsel from his court-appointed attorney, John F. James ("James"). Specifically, Callwood contends that Attorney James was ineffective for his failure to investigate certain "pre-trial circumstances"[9] and his failure to challenge accompanying charges of assault and possession of an unlicensed firearm. Callwood also claims that Attorney James "used his negativity" by stating that Callwood's escape from prison could be easily proven. He asserts that by pleading guilty to escape from custody, his plea is involuntary because "such plea admits to all of the crimes charged." The remainder of his motion offers various refutations of the unlicensed firearm possession and alleged assault charges.

As set forth in Hill v. Lockhart, 474 U.S. 52, 56 (1985), the standard for reviewing the validity of a guilty plea is whether that guilty plea can be found to have been made on a knowing and voluntary basis. The Court first considers whether Callwood's plea can be said to have been knowingly given.

Callwood admits in the instant motion that he escaped from custody and he does not dispute the validity of his conviction based

---

[8] As always, when considering the claims of a pro se petitioner, this Court will construe them in a liberal manner. See, e.g., Benjamin v. Potter, 635 F. Supp. 245 (D.V.I. 1986).

[9] The record indicates that the "pre-trial circumstances" referred to by Callwood are his allegations that (1) the firearm lacked Callwood's fingerprints; (2) Officer Zurita shot Callwood while he was sleeping; and (3) Callwood was physically assaulted by the Public Safety officers when they were taking him into custody.

upon that particular charge. The Court's record indicates that Callwood pleaded guilty *only* to a charge of escape from custody, and that the charge of possession of an unlicensed firearm was therein dropped. The record clearly shows that Callwood was never charged with assault. Finally, the record shows that during Callwood's February 3, 1984 change of plea hearing, a Rule 11 colloquy took place between Callwood and Chief Judge David O'Brien wherein Callwood demonstrated that he understood the nature of his charges and subsequent plea. Based upon these facts and notwithstanding Callwood's bald assertions herein, the Court finds that Callwood's plea was made on a knowing and intelligent basis. See. e.g., Chacker v. Petsock, 713 F. Supp. 775 (E.D. Pa. 1989); Johnson v. Gray, 705 F. Supp. 248 (E.D. Pa. 1989).

██ ██ Callwood also challenges the voluntariness of his guilty plea. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 759 (1970)). The two-part test for attorney competence found in Strickland v. Washington, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. at 58. Petitioner must show the Court that counsel's representation fell below an objective standard of reasonableness and that but for counsel's errors, the petitioner would have insisted on going to trial as opposed to pleading guilty. Id. at 56–60.

██ As petitioner, Callwood bears a heavy burden of proof in attempting to rebut a strong presumption that his attorney's performance fell within a wide range of reasonable assistance. See Strickland, 466 at 689. While he provides a lengthy discussion of Attorney James' alleged failure to investigate pretrial matters, Callwood's complaints concern only his attorney's failure to investigate (1) the unlicensed firearm possession charge that subsequently was dropped; and (2) an alleged assault charge that was actually never made by the Government. Clearly, there was no need for Attorney James to investigate facts pertaining to a charge of assault when no such charge was made. Moreover, the record indicates that Callwood agreed to plead guilty to escape from custody in exchange for the dropping of the unlicensed firearm possession charge. This being so,

any failure by Attorney James to investigate, or challenge, the possession charge can be said to be reasonable.

The Court also notes that Callwood never states or implies that he felt compelled to plead guilty based upon any fears that his charges had been improperly investigated. Instead, his motion focuses solely upon counsel's alleged failure to investigate the firearm possession and alleged assault charges as a general practice. Similarly, Callwood states that he suffered prejudice, but he does not specify in what way(s) he has been prejudiced. Although Callwood states that by pleading guilty to escape from custody, "such plea admits to all of the crimes charged," his Rule 11 colloquy indicated that he did not hold this view at the change of plea hearing held before Judge O'Brien. Even given a liberal construction, these general statements cannot prove that Callwood's plea was involuntary.

■■ The Court thus finds that Attorney James' alleged failure to investigate or challenge the above pretrial matters does not amount to ineffective assistance of counsel. Nor does the Court find that Callwood has proven his plea to be involuntary.

## B. *Transfer Hearing*

In his amended 2255 motion, Callwood claims that since he was a minor at the time of his December 1983 arrest and he did not receive a transfer hearing pursuant to V.I. Code Ann. tit. 5, § 2508, the District Court lacked jurisdiction over him and he was denied due process and equal protection.

■ V.I. Code Ann. tit. 4, § 173(c) (Equity Supp. 1990) provides that

> [i]f a child is transferred to another court, and the child is convicted in that court for a crime pursuant to the transfer, the conviction shall terminate the jurisdiction of the Family Division. For any crimes after such conviction, the child shall be considered an adult for the purposes of determining jurisdiction.

Although Callwood was a minor at the time of his December 1983 arrest, he had already been previously transferred to the District Court and convicted of murder second degree in the matter of Government of the Virgin Islands v. Callwood, Criminal Nos. 83-127 and 83-136. Given this procedural history, the Court finds that it was not necessary to hold a transfer hearing in Government of the Virgin Islands v. Callwood, Criminal No. 84-3. Callwood's argument regarding his failure to receive a transfer hearing is thus without merit.

## III. CONCLUSION

██ The Court has considered the arguments set forth in a motion to vacate, set aside and correct sentence and an amended motion to vacate filed pursuant to 28 U.S.C.A. § 2255 by pro se petitioner James Callwood. Contrary to Callwood's claims, there is absolutely no indication that "remaining charges" or any "pre-trial circumstances" were considered by the Court when determining Callwood's sentence. See Government of the Virgin Islands v. Callwood, Criminal No. 84-3. Because Callwood's arguments are without merit, his motion will be denied.

An appropriate order will be entered.

## ORDER

These matters having come before the Court on a motion to vacate, set aside and correct sentence and a motion to amend Section 2255 motion filed by pro se petitioner James Callwood; and

The Court having considered the arguments set forth by petitioner; and

For the reasons stated in the Court's memorandum of this date;

IT IS on this 16th day of November, 1990 hereby

ORDERED that the motion to amend Section 2255 motion filed by pro se petitioner James Callwood is GRANTED.

FURTHER ORDERED that the motion to vacate, set aside and correct sentence, as amended, filed by pro se petitioner James Callwood is DENIED.

FURTHER ORDERED that no certificate of probable cause for appeal shall be issued.