990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcus Arthur FONTAINE, aka Bob Mato, Robert McConihay, Mike
Furlong, Robert Matoni, John Grossman, Defendant-Appellant.
 No. 92-50155.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided March 19, 1993.
 
 1
 Before HUG and O'SCANNLAIN, Circuit Judges, and SEDWICK,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Fontaine appeals his jury convictions for mail fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. § 1956(a)(1). Fontaine contends that the district judge committed reversible errors in failing to ask a question of the jury on voir dire examination and in making improper evidentiary rulings. Fontaine also maintains that the Government committed prosecutorial misconduct and Brady violations, and that the evidence presented at trial was insufficient to convict him of certain mail fraud and money laundering counts. We affirm.
 
 I.
 VOIR DIRE
 
 4
 Fontaine asserts that the trial judge erred in refusing to question the jury concerning the verdict in the Charles Keating case. The verdict, convicting Charles Keating of state securities fraud violations, was handed down on the third day of Fontaine's trial after jury selection was completed and the Government had begun its case in chief. We review the sufficiency of voir dire questions for abuse of discretion. United States v. Washington, 819 F.2d 221, 223-224 (9th Cir.1987). The verdict in the Keating case was irrelevant. Other voir dire questions asked by the trial court were sufficient to probe for juror bias. There was no abuse of discretion.
 
 II.
 PROSECUTORIAL MISCONDUCT
 
 5
 Fontaine contends that the Government committed prosecutorial misconduct which amounted to reversible error. Prosecutorial misconduct, when objected to at trial, is reviewed for harmless error. United States v. Laurins, 857 F.2d 529, 539 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). An error is harmless "if it is more probable than not that the prejudice resulting from the error did not materially affect the verdict." United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). When the conduct is not objected to at trial, this court reviews for plain error. Laurins, 857 F.2d at 539.
 
 
 6
 Fontaine's attorney argued in final argument that the Government's case was weak because it had brought only three witnesses to establish fraud, out of 10,000 people who had sent in checks. The Government's response in rebuttal, in explaining the impracticality of bringing in thousands of witnesses, merely countered that assertion. Under the court's instructions to consider only the evidence presented, there is little likelihood that the jury could have considered this as evidence or been misled by these statements. If it was error, it was harmless.
 
 
 7
 Fontaine contends that the Government improperly vouched for the credibility of witness Medina. Where, as here, the defendant indicates in his opening statement that Medina's credibility would be attacked on the basis of his plea agreement and, in fact, did so, the Government's reference to the requirement of truthfulness in the plea agreement is not plain error.[1] See United States v. Monroe, 943 F.2d 1007, 1013 (9th Cir.1991); cert. denied, 112 S.Ct. 1585 (1992); United States v. Shaw, 829 F.2d 714, 716 (9th Cir.1987), cert. denied, 485 U.S. 1022 (1988). The Government's speculation as to what Medina would have said to the defense was an invited response and reasonably within the latitude allowed in closing arguments. It was not plain error.
 
 III.
 BRADY VIOLATIONS
 
 8
 Fontaine contends that the Government committed Brady violations by failing to produce exculpatory information and by producing other exculpatory information too late to be of value to Fontaine's defense. The Government argues that it made available to Fontaine information and items in its possession at a time when they were still of value to the defense. A prosecutor must disclose evidence favorable to an accused where the evidence is material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). Brady violations are reviewed de novo. United States v. Lehman, 792 F.2d 899, 901 (9th Cir.), cert. denied, 479 U.S. 868 (1986). There is no Brady violation if the material is turned over while it is still of use to the defendant. United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.1988).
 
 
 9
 Fontaine has made no showing that the Government had any documents or items which the Government failed to allow Fontaine to inspect at a time when they were of value to his defense. Therefore, we conclude that the Government did not commit Brady violations.
 
 IV.
 SUFFICIENCY OF THE EVIDENCE
 
 10
 Fontaine contends that the evidence was insufficient to charge him on mail fraud counts 1-4 and 12 and on money laundering counts 13 and 15. We find the evidence sufficient to support a criminal conviction if "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Circumstantial evidence may be sufficient to uphold a conviction. See, e.g., United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 11
 We conclude that the evidence presented at trial was sufficient to convict the Appellant on mail fraud counts 1-4 and 12. Evidence of routine business custom and practice is sufficient to establish proof that the mails were used. See United States v. Brackenridge, 590 F.2d 810, 811 (9th Cir.); cert. denied, 440 U.S. 985 (1979); Bolen v. United States, 303 F.2d 870, 875 (9th Cir.1962).
 
 
 12
 We also conclude that the evidence presented at trial was sufficient to convict Fontaine of money laundering counts 13 and 15. There was sufficient evidence for a jury to find beyond a reasonable doubt both that Fontaine had the knowledge that the funds came from illegal activity and that he used those funds.
 
 V.
 EVIDENTIARY RULINGS
 
 13
 Fontaine contends that the district court made numerous errors in evidentiary rulings which, if not individually, then at least taken together, require reversal. A district court's decision to exclude or admit evidence is reviewed for abuse of discretion. See United States v. Vasquez, 858 F.2d 1387, 1392 (9th Cir.1988) cert. denied, 488 U.S. 1034 (1989).
 
 
 14
 We conclude that the district judge did not commit errors in evidentiary rulings which amounted, either individually or collectively, to abuse of discretion.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable John W. Sedwick, United States District Judge, for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Absent a timely objection having been made, we review for plain error