110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Gonzales REYNOLDS, aka: "R.G." Reynolds; aka:
Richard Reynolds; aka: Richard G. Reynolds;
aka: Richard Fernando Gonzales; aka:
Richard Gonzales, Defendant-Appellant.
 No. 95-56554.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided March 31, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner R.G. Reynolds appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for 13 counts of mail fraud, 18 U.S.C. § 1341, and three counts of witness tampering, 18 U.S.C. § 1512(b)(2)(B).
 
 
 3
 In his Section 2255 motion Reynolds alleged (1) that there was insufficient evidence presented at trial to prove that he had used the "United States Postal Service" to support 11 of his 13 mail fraud convictions, and (2) that he had been rendered ineffective assistance of counsel at trial and on appeal.
 
 
 4
 The district court denied Reynold's Section 2255 motion and accurately observed that "the record belies the claim" that the evidence was insufficient to prove use of the mails:
 
 
 5
 The testimony of two former employees to the practice of defendant in mailing account statements, the testimony of victims of their receipt of account statements in the mail, and the evidence of amounts defendant spent on postage is more than sufficient evidence to meet the standards of United States v. Brackenridge, 590 F.2d 810, 811 (9th Cir.1979), on circumstantial evidence.
 
 
 6
 Moreover, Reynolds did not introduce evidence at trial to rebut the government's proof regarding the use of the mails, in contrast to the defendant in United States v. Wosepka, 757 F.2d 1006, 1009-10 (9th Cir.), modified, 787 F.2d 1294 (1985), overruled on other grounds, United States v. Nolasco, 926 F.2d 869 (9th Cir.1991). In Wosepka, the defendant successfully rebutted the government's evidence of "mailing," by introducing the cover letter to a document that constituted one of the mailings charged, which expressly stated that the document had been delivered "via Federal Express." In this case, therefore, defense counsel's choice not to include sufficiency of the evidence on this element of mail fraud as additional grounds for his Rule 29 motion was reasonable and could not have affected the outcome of defendant's trial. See Strickland v. Washington, 466 U.S. 668, 688-93 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.1994) (applying Strickland standard).
 
 
 7
 Reynolds also claims that his former counsel was ineffective in failing to request a jury instruction specifically defining "use of the mails" to mean "use of the United States mails." The jury was properly instructed that in order for defendant to be guilty of mail fraud, the government was required to prove, beyond a reasonable doubt that (1) the defendant knowingly devised or participated in a scheme to defraud and to obtain money or property by means of false pretenses, representations or promises; (2) the defendant acted with the intent to defraud; and (3) the defendant used, or caused to be used, the mails to carry out the scheme. There was no ineffective assistance of counsel in failing to request a more elaborate instruction on use of the mails.
 
 
 8
 Reynolds' remaining claims are without merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3