125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick L. STIVENDER, Plaintiff-Appellant,
v.
Franklin POWELL, Warden, in his capacity as Warden,
Defendant-Appellee.
 No. 97-15032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1997.** San Francisco, California
Decided Oct. 2, 1997.
 
 Appeal from the United States District Court for the Northern District of California Maxine M. Chesney, District Judge, Presiding
 Before KOZINSKI, MAYER,*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frederick L. Stivender, a California state prisoner, appeals from the denial of his petition for a writ of habeas corpus. He asserts an instructional error at his trial and that he was denied counsel at trial. We affirm.
 
 
 3
 1. Procedural Default. Stivender did not raise his claims in the California courts in a timely manner. Therefore, those claims were procedurally defaulted. See In re Harris, 5 Cal.4th 813, 829, 855 P.2d 391, 407, 21 Cal.Rptr.2d 373, 380 (1993); see also In re Clark, 5 Cal.4th 750, 765-67, 855 P.2d 729, 738-39, 21 Cal.Rptr.2d 509, 518-19 (1993). Thus, the claims cannot be raised here absent cause and prejudice. See Coleman v. Thompson, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 2564-65, 115 L.Ed.2d 640 (1991); Wainwright v. Sykes, 433 U.S. 72, 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977).
 
 
 4
 In his reply brief, but not until that brief, Stivender argues that there was no procedural default rule in California at the time of his state court appeal, or at least none was effective to bar later federal relief. That, he says, is because California had no consistent rule regarding procedural defaults. See Siripongs v. Calderon, 35 F.3d 1308, 1317-18 (9th Cir.1994). His claim is interesting, but it was waived by his failure to raise it until his reply brief. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992); United States v. Loya, 807 F.2d 1483, 1487 (9th Cir.1987). Thus, he is thrown back on an argument for cause and prejudice in the form of ineffective appellate counsel.[1]
 
 
 5
 2. Cause and Prejudice. Stivender asserts that cause and prejudice is satisfied because his appellate counsel on direct appeal was ineffective when he failed to raise the issues which Stivender now raises. We determine effectiveness of appellate counsel in the usual way. That is, we ask whether counsel's performance was so deficient that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). That, in turn, means that counsel's services must have been "outside the wide range of professionally competent assistance." Id. at 690, 104 S.Ct. at 2066.
 
 
 6
 In making that decision about appellate counsel, it must be borne in mind that it is not necessary to raise every nonfrivolous issue on appeal. See Pollard v. White, 119 F.3d 1430, 1435 (9th Cir.1997). Indeed, we hope that appellate counsel will concentrate on the truly important issues, while eschewing those which could conceivably succeed but which are not very likely to do so. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989); cf. Pollard, 119 F.3d at 1435.
 
 
 7
 Even if counsel's performance does not rise to these relatively undemanding standards, ineffectiveness is not shown absent a further showing that counsel's errors were so serious that his client was denied a fair proceeding. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.
 
 
 8
 Stivender's first assertion is that appellate counsel should have argued that the trial court should have given an instruction regarding the self defense rights of an initial aggressor. We disagree. For good or ill, it is clear that the thrust of Stivender's defense at trial was that he believed he was defending himself the whole time. An instruction on the initial aggressor theory would have undercut his attempt to portray himself as a person who thought he was defending himself at all times. That being so, it can hardly be said that appellate counsel had to raise the initial aggressor issue on appeal in order to be effective. Indeed, it appears that the instructions at trial covered the defense theories and were not erroneous at all. No doubt the California Court of Appeal would have so held. Certainly, we cannot say that the failure to give the instruction in question constituted federal constitutional error. See Duckett v. Godinez, 67 F.3d 734, 746 (9th Cir.1995), cert. denied, U.S. ---, 116 S.Ct. 1549, 134 L.Ed.2d 651 (1996); Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir.1988). Counsel was constitutionally effective.
 
 
 9
 Stivender's second assertion fares no better. He claims that appellate counsel should have asserted that he was denied trial counsel at his new trial hearing in state court.[2] No doubt Stivender was entitled to counsel at his new trial motion proceeding. See Menefield v. Borg, 881 F.2d 696, 699 (9th Cir.1989). But his claim is otiose because he had trial counsel at all times. The fact is that trial counsel considered Stivender's new trial assertions to be meritless and, therefore, refused to present them. An attorney is not required to present claims "which he knows to be meritless on the facts and the law." Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.1994). Judges hope that counsel will not do so.
 
 
 10
 If counsel were wrong, perhaps a claim of ineffective assistance could be made, but the client would have had counsel nonetheless. Neither appellate counsel, nor the California Court of Appeal, nor this court could be expected to harken to the call of Stivender's lur, which invites a blurring of the line between Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (denial of counsel), and Strickland (ineffective assistance of counsel). His appellate counsel's failure to raise the question was not professional incompetence.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * Hon. H. Robert Mayer, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Were we to consider the claims on the merits, we would reject them for much the same reasons as we reject his cause and prejudice assertion
 
 
 [2]
 He does not assert that trial counsel was ineffective, and he never presented an ineffectiveness claim to the state courts, even on habeas corpus