Bruce Foy LOWRY, Petitioner–Appellant,

v.

Samuel LEWIS, Respondent–Appellee.

No. 93–15267.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 16, 1993.

Decided April 7, 1994.

JoJene E. Mills, Norris & Mills, Phoenix, AZ, for petitioner-appellant.

Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, AZ, for respondent-appellee.

Before POOLE, BEEZER and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

Lowry claims ineffective assistance of counsel because his lawyer did not move to suppress evidence. We reject his claim.

## I. Facts

An Arizona state prisoner told the prison warden that a number of his fellow inmates in cell block 6, the administrative segregation unit, planned a violent riot. The plan was to stab an inmate in order to lure a number of guards into the unit. The guards would then be deluged with bombs made from blasting caps, shrapnel, and about a pound of explosives. The informant claimed the inmates kept contraband "keestered" in their rectums. He had decided to "snitch" and request a transfer when he learned "through the vent" that he was to be the inmate stabbed. He corroborated his story by expelling from his own rectum a balloon filled with gun powder.

The prison authorities arranged for searches of prisoners' rectums in the cell block. Fifteen inmates were taken from their cells. A medical assistant (wearing a new lubricated glove for each inmate) stuck his finger in each inmate's rectum. Then each inmate was moved to the medical facility in the unit and probed again, this time by a doctor. The doctor felt something in Lowry's rectum, had him x-rayed, and confirmed that a foreign object was there. Lowry was ordered to expel it, and he removed from his rectum a syringe wrapped in cellophane. The doctor probed him again, decided there was more, and Lowry expelled a red balloon filled with methamphetamine.

Lowry was convicted in state court of promoting prison contraband and possessing dangerous drugs. This case is his appeal of the denial of his habeas corpus petition. He claims that he was denied effective assistance of counsel because his lawyer in the state contraband case did not file a motion to suppress the syringe and methamphetamine. Lowry contends that the evidence would have been suppressed because the manner in which the search was conducted violated his constitutional rights.

The ACLU had filed a lawsuit on behalf of the prisoners under 42 U.S.C. § 1983, claiming that the searches of their rectums violated the prisoners' civil rights.[1] Counsel for Lowry knew about the suit, and knew his client was claiming in the civil suit that the manner of the search violated his constitutional rights.

Lowry's attorney did not file a motion to suppress the evidence from the rectal search in the criminal case. He had done legal research in other cases on the issues upon which his motion to suppress in this case would depend. He also talked to lawyers representing inmates in the other criminal cases based on evidence found in their rectums from the same cell-block search. Seven of the fifteen inmates searched had contraband in their rectums, including gun powder and blasting caps. See State v. Bloomer, 156 Ariz. 276, 751 P.2d 592, 594 (App.1987); State v. Palmer, 156 Ariz. 315, 751 P.2d 975, 976 (App.1987). Lawyers for the other inmates told Lowry's attorney that the motions to suppress filed in the other cases had all lost. Lowry's lawyer decided that a suppression motion would have no reasonable probability of success, so he did not prepare and file one.

## II. Analysis

We have jurisdiction pursuant to 28 U.S.C. § 2254. The magistrate's findings of fact, adopted by the district court, have not been put at issue. We review the legal issues on denial of habeas corpus petitions de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc).

---

1. See Vaughan v. Ricketts, 950 F.2d 1464 (9th Cir.1991); Vaughan v. Grijalva, 927 F.2d 476 (9th Cir.1991); Vaughan v. Ricketts, 859 F.2d 736 (9th Cir.1988).

■ To demonstrate ineffective assistance of counsel, Lowry must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 688–93, 104 S.Ct. 2052, 2064–67, 80 L.Ed.2d 674 (1984); *United States v. Garcia,* 997 F.2d 1273, 1283 (9th Cir.1993). He did not, so we affirm.

■ Lowry has not demonstrated that his lawyer's performance fell below the *Strickland* standard of "reasonable professional judgment," or that the lawyer's decision not to file a motion to suppress was "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. The lawyer's judgment was vindicated by the results in related cases. All the motions to suppress lost, and all the appeals challenging the denials of the motions to suppress lost. *See State v. Palmer,* 156 Ariz. 315, 751 P.2d 975, 976 (App.1987); *State v. Bloomer,* 156 Ariz. 276, 751 P.2d 592, 594 (App.1987).

Lowry's new lawyer on the habeas petition argues that the motions would have been well taken, and the evidence should have been suppressed, under the first of our decisions in Lowry's civil action, *Vaughan v. Ricketts,* 859 F.2d 736 (9th Cir.1988). In that case, we held that if the prisoners' contentions were assumed to be true for purposes of summary judgment, a constitutional violation would have occurred. *Id.* at 741–42. But Lowry's lawyer cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* "as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. Also, the lawyer was handling a case with real facts, not deciding a summary judgment motion on assumed facts. He was deciding whether to file a motion to suppress, not whether a summary judgment should have been granted. He could not make his decision based on an artificial assumption of facts which he could not expect the evidence at a suppression hearing to prove.

Lowry's habeas petition can be well taken, for its deficient performance argument, only if based on the proposition that "a defendant has 'everything to gain and nothing to lose' in filing a motion to suppress." *See United States v. Molina,* 934 F.2d 1440, 1447 (9th Cir.1991). That proposition suggests that a lawyer should file a suppression motion in every case, because the defendant has nothing to lose and the lawyer can never be certain that the judge will not suppress the evidence against his client. We have rejected that argument where the motion would be without merit. *Id.* We do so again now. A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law. Also, the premise that the defendant has nothing to lose by such a motion is false. The defendant stands to lose two things of value—a significant quantity of his lawyer's scarce time, and some of his lawyer's credibility with the judge. Lawyers are not called "counsel" for nothing. The judge is counseled by the lawyers as to how he should proceed. The attentiveness with which the judge listens to the lawyers' advice is tempered by his judgment about the credibility of the particular lawyer. An unmeritorious motion to suppress may cost the particular defendant some deference by the judge to his lawyer's advice on other issues later in the case. It will certainly cost the particular defendant the time his lawyer wastes in the library and at his desk generating valueless paper, when he could be working on better motions, interviewing witnesses, examining locations and evidence, researching likely evidentiary issues, and preparing for trial.

This is not to say that a motion to suppress may be lightly dispensed with. Few things can more greatly benefit a criminal defendant than keeping the most probative evidence against him from being seen by the jury. But in this case, the experienced defense lawyer knew from his research, and from the denial of suppression motions in other prisoners' criminal cases arising out of the rectum searches of other prisoners in this same disturbance, that the motion would lose. Lowry's lawyer did not render services that fell below the standard of reasonable professional judgment.

The other element of ineffective assistance of counsel is prejudice. Lowry must establish that had the motion been filed, there was a reasonable probability that the evidence

would have been suppressed, and the outcome of the trial would have been different had the evidence been suppressed. *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986). He concedes, as he must, that there was probable cause and special exigency justifying a warrantless search of his rectum. The magistrate found that the search was constitutionally permissible, and a motion to suppress would have been denied.

Lowry claims that the evidence would have been suppressed because the search was performed in an unconstitutional manner. *See Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979); *Vaughan v. Ricketts,* 859 F.2d 736, 739–41 (9th Cir. 1988).[2] But he cannot establish a "reasonable probability" that a motion to suppress would have been successful had his lawyer filed one. *Kimmelman,* 477 U.S. at 375, 106 S.Ct. at 2582. There is no "reasonable probability" that Lowry would have been acquitted had his lawyer moved to suppress, because as the magistrate found, the search was apparently constitutionally permissible, the other prisoners lost their substantially similar suppression motions, and the denials were upheld on appeal. *See State v. Bloomer,* 156 Ariz. 276, 751 P.2d 592, 594 (App. 1987); *State v. Palmer,* 156 Ariz. 315, 751 P.2d 975, 976 (App.1987).

The prisoners also lost their section 1983 suit. *Vaughan v. Ricketts,* 950 F.2d 1464 (9th Cir.1991). The ground on which Lowry and the other prisoners lost their civil suit, qualified immunity, does not compel the conclusion that they would have lost suppression motions in their criminal cases. But they did. Even though *Vaughan* left open the logical possibility that the search could be unreasonable even though the prison guards were immune from civil liability for it, nevertheless Lowry failed to demonstrate a "rea-

sonable probability" that, had his lawyer moved to suppress, the evidence would have been suppressed. He had the burden of proving prejudice. *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067.

AFFIRMED.

---

**2.** The inevitable discovery exception to the exclusionary rule has not been briefed, so we do not reach it. Lowry argues that the prison guards should not have subjected him to the discomfort and indignity of the digital rectal searches, because they were going to x-ray him anyway, and could find out from the x-ray all they could learn from the digital rectal search and more. But that means they would have found the contraband in his rectum even without the digital

search which he claims was unconstitutional. If his argument is right, then his conclusion is wrong—evidence which would inevitably have been discovered by lawful means cannot be suppressed because the manner of discovery was unconstitutional. *Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984); *United States v. Ramirez–Sandoval,* 872 F.2d 1392, 1399 (9th Cir.1989).