81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lamonte Eric WILSON, Petitioner-Appellant,
v.
Kingston W. PRUNTY, Jr., Respondent-Appellee.
 No. 95-15861.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1996.*
Decided March 25, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 There was sufficient evidence of first degree murder, on any of several theories. The jury could have inferred premeditation and deliberation from the written murder plan, and from Wilson's unaccustomed wearing of all black clothes on the night of the murder. Also, the dispute about money between him and the victim, as well as his friendship with the victim's spouse, supplied a motive. See People v. Bloyd, 729 P.2d 802, 810 (Cal.1987). The trier of fact could have inferred Wilson's participation from his heel print on the victim's blouse and the victim's blood on his clothes. People v. Beeman, 674 P.2d 1318, 1326 (Cal.1984). The theory on which Wilson was convicted was that he aided and abetted the victim's husband in the murder (not that he conspired to do so), and the evidence adequately supported this theory under the standard of Jackson v. Virginia, 443 U.S. 307, 319 (1979). That the trier of fact could not determine whether Wilson personally hit the victim with the baseball bat is immaterial to his responsibility for the murder as an aider and abettor. See People v. Beeman, 674 P.2d at 1325.
 
 
 3
 Wilson's Fourth Amendment claim is not cognizable in this federal habeas corpus proceeding, because he had a full and fair opportunity to litigate the claim in state court. Stone v. Powell, 428 U.S. 465, 481-82 (1976); Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir.1990).
 
 
 4
 Wilson has not demonstrated that his attorney rendered ineffective assistance. The test is whether his attorney failed to exercise the skill, judgment, and diligence of a competent attorney. Strickland v. Washington, 446 U.S. 668, 687 (1984). The suppression motion he claims his attorney should have made lacked merit. When the police knocked on Wilson's apartment door, the person there, Tingley, did not object to their entering and looking around, and the police had no reason to doubt that Tingley had authority to admit them to do so. A suppression motion therefore lacked merit under Illinois v. Rodriguez, 110 S.Ct. 2793 (1990). Nor is there any apparent reason to suppose that, even if the first search had been unconstitutional, the second search was tainted by the first. United States v. Kaplan, 895 F.2d 618, 622 & n. 3 (9th Cir.1990). A competent attorney exercising diligence and judgment could decide that it was unwise to waste his time and his credibility on a motion to suppress as unmeritorious as one would have been in this case. Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.1994).
 
 
 5
 As for counsel's failure to call various relatives of Wilson as witnesses, Wilson did not raise this issue below and has offered no evidence that calling them as witnesses would have been helpful to his case. "Because [appellant] did not raise this as part of his ineffective assistance claim below, we're unable to act upon it." Tomlin v. Myers, 30 F.3d 1235, 1240 (9th Cir.1994).
 
 
 6
 Wilson's prosecutorial misconduct argument, based on the prosecutor's use of tainted evidence, fails because, as discussed above, the evidence was not tainted.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3