UNITED STATES of America,
Plaintiff–Appellee,

v.

Mong Hoang NGUYEN, Defendant–
Appellant.

No. 98–55786.
D.C. Nos. CV–97–02964–ER,
CR–92–00926–ER.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2000.

Decided Feb. 8, 2001.

Before BRIGHT,[1] T.G. NELSON and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Mong Hoang Nguyen (Nguyen) seeks relief under 28 U.S.C. § 2255, alleging that his trial counsel's failure to move to suppress his alleged confession constituted ineffective assistance of counsel. He also claims that his sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We find that Nguyen was not prejudiced by his counsel's conduct, and that his sentence does not violate *Apprendi*. We therefore affirm.

## I

We evaluate Nguyen's ineffective assistance claim according to the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail under *Strickland*, Nguyen must show both that his counsel's performance was deficient and that it prejudiced him at trial. We need not reach the first prong of this test because we find no prejudice in the admission of Nguyen's confession. *See id.* at 697, 104 S.Ct. 2052.

When a criminal defendant claims ineffective assistance of counsel due to a failure to make a motion to suppress, a showing of prejudice requires that he demonstrate that "had the motion been filed, there was a reasonable probability that the evidence would have been suppressed, and the outcome of the trial would have been different." *Lowry v. Lewis*, 21 F.3d 344, 346–47 (9th Cir.1994). Assuming *arguendo* that a motion to suppress Nguyen's confes-sion would have succeeded, the record indicates that it would not have altered the result of his trial.

Even if Nguyen's claim of innocence was damaged by his written confession, other evidence established his guilt with at least equal and perhaps even greater certainty. In particular, the audio and videotape recordings of the meetings with Agent Woo identified Nguyen to the jury and demonstrated his personal involvement in the transaction. *See Laboa v. Calderon*, 224 F.3d 972, 976 (9th Cir.2000) (no prejudice in failure to move to suppress because of government agent's testimony and incriminating tape recording of defendant). Although Nguyen disputes the accuracy and intelligibility of the government-prepared transcript of the conversations, the jury listened to the audiotape itself, and the trial judge instructed them that the audiotape, not the transcript, should be considered as the evidence.

In addition to the recordings, Agents Cheung and Woo testified in person to the events of August 20th. Agent Woo identified Mr. Nguyen in the courtroom as a person present at the meeting, and testified that Nguyen was intimately involved in the transaction that took place. Agent Cheung further testified that, after his arrest, Nguyen admitted to being part of the conspiracy, and that nothing in the written statement was different than Nguyen's oral statements during the interview.

Nguyen's testimony in his own defense did little to counter the government's evidence. While he did not dispute that he had been at the August 20th meeting, he did deny that he knew in advance what it concerned. The audiotape transcript, how-

---

1. Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ever, indicates that Nguyen did not hesitate to speak about a drug transaction at that meeting. To the contrary, he dominated the early stages of the "business" conversation with Woo. Moreover, Nguyen made a number of damaging admissions on the stand. He acknowledged that he knew how to "cook" cocaine in a microwave oven to produce crack, the same technique that the audiotape captures him claiming to have used to produce the crack sold to Agent Woo. He also admitted that he had sold drugs in the past to support his heroin addiction, and that he had three prior felony convictions for drug possession.

Finally, the disputed confession does not appear to present information that uniquely damaged Nguyen at trial. On its face, it indicates only that Nguyen came to the August 20th meeting as a lookout for his co-conspirator Doan and that he knew a cocaine transaction would take place. If anything, it is less damaging than the video and audiotape evidence and the government agents' testimony; the latter evidence tends to place Nguyen in a more culpable role than that of a lookout. For the foregoing reasons, we find that there was not a "reasonable probability" that, without the confession, the factfinder would have had a "reasonable doubt" regarding Nguyen's guilt. *Strickland* at 695, 104 S.Ct. 2052.

## II

■ Nguyen contends that he was sentenced in violation of the rule announced in *United States v. Apprendi*, where the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63.

Nguyen was convicted of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. Although Nguyen's indictment charged him with possession of 33 grams of a substance containing cocaine base, the jury was instructed that "the evidence in the case need not establish that the amount or quantity of cocaine base was as alleged in the indictment." The jury thus never made a factual finding on the amount of cocaine involved in either charge. Nguyen was sentenced under the career offender provisions of the sentencing guidelines, which instructed the district judge to begin sentencing calculations by selecting an offense level based on the statutory maximum penalty for the crime of which a defendant is convicted. *See* U.S.S.G. § 4B1.1 In Nguyen's case, the judge assumed that 40 years was the statutory maximum, resulting in a offense level of 34. But a 40 year maximum corresponds to sentencing under 21 U.S.C. § 841(b)(1)(B), which requires possession of five grams or more of a substance which contains cocaine base. Nguyen contends that without a specific jury finding as to the amount of cocaine he possessed, his statutory maximum was 20 years, as set out in 21 U.S.C. § 841(b)(1)(C), and that his initial offense level under U.S.S.G. § 4B1.1 should have been 32. As a result, he argues that his sentence was imposed in violation of *Apprendi*.

But even assuming *arguendo* that *Apprendi* can be applied retroactively on collateral review, *see Jones v. Smith,* 231 F.3d 1227, 1237 (9th Cir.2000), Nguyen fails to satisfy its threshold condition. Nguyen concedes that without a jury determination of the amount of drugs he possessed, the maximum sentence possible under both 21 U.S.C. § 841 and § 846 was still 20 years. *See* 21 U.S.C. § 841(b)(1)(C); *id.* § 846. Nguyen was

sentenced to 188 months in prison on each of his two counts, to run concurrently. This sentence is well within Nguyen's maximum term. *Apprendi* therefore does not apply to his case.

The ruling of the district court is AFFIRMED.