**Daniel Garcia BUSTAMANTE,**
**Petitioner—Appellant,**

**v.**

**Mike EVANS,\* Warden; et al.,**
**Respondents—Appellees.**

**No. 04–16480.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2005.

Decided July 26, 2005.

Jonathan Grossman, Esq., Sixth District Appellate Program, Santa Clara, CA, for Petitioner-Appellant.

---

4. 28 U.S.C. § 2254(d)(2).

5. 28 U.S.C. § 2254(d)(1).

\* Mike Evans is substituted for his predecessors, W.A. Duncan and A. LaMarque, as Warden, pursuant to Fed. R.App. P. 43(c)(2).

Peggy S. Ruffra, Esq., Morris Beatus, Esq., Office of the California Attorney General, San Francisco, CA, for Respondents-Appellees.

Before GOODWIN, BEEZER, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM **

Daniel Garcia Bustamante appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. Bustamante argues that: (1) California's "Three Strikes" law was improperly applied; (2) trial counsel rendered ineffective assistance; and (3) the district court should have held an evidentiary hearing on his ineffective assistance of counsel claim.

Bustamante's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We review de novo the district court's denial of a habeas petition. *Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001). The AEDPA permits relief only if the state court decision was "contrary to" or "involved an unreasonable application of" clearly established law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

## I

■ Bustamante says evidence fails to show he used a motor vehicle as a deadly or dangerous weapon during the commission of prior offenses. An instrument that is not a deadly or dangerous weapon by design may qualify as such under Cal.Penal Code § 1192.7(c)(23) when "it may be

fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon should the circumstances require." *People v. Godwin*, 50 Cal.App.4th 1562, 58 Cal.Rptr.2d 545, 552 (1996) (internal quotation marks and emphases omitted). We inquire " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found' " that Bustamante "intended . . . to use [his car] as a weapon should the circumstances require." *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir.2004) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *Godwin*, 58 Cal.Rptr.2d at 522.

The record supports the conclusion that there was no room in the street for Bustamante to drive his vehicle past the officer's vehicle without a collision. Bustamante, after hesitating to think about it for a second, decided to collide with the officer's patrol car which blocked an intersection. The state court correctly determined that a rational trier of fact could have found beyond a reasonable doubt that Bustamante intended to use his vehicle as a weapon.

## II

■ Bustamante says trial counsel was ineffective in failing to present favorable testimony at trial. At the time, California law allowed neither the prosecution nor the defense to call live witnesses on a trial on prior convictions. *See People v. Bartow*, 46 Cal.App.4th 1573, 54 Cal.Rptr.2d 482, 487 (1996). Subsequent to Bustamante's trial, this court held that a trial court's failure to let the defendant testify violated the defendant's Fourteenth Amendment due process right to present a defense. *Gill v. Ayers*, 342 F.3d 911, 917–

---

18 (9th Cir.2003). We evaluate counsel's conduct "as of the time of counsel's conduct." *Lowry v. Lewis,* 21 F.3d 344, 346 (9th Cir.1994). Bustamante's counsel was not required to anticipate our decision in *Gill. Id.* Counsel was not ineffective under then-existing California law.

### III

Bustamante requests an evidentiary hearing to determine whether trial counsel's failure to call witnesses was due to a tactical decision or to deficient performance. Because existing California law was properly applied, no facts exist that would entitle him to relief. *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir.2003) (stating that habeas petitioner must "allege facts which, if proven, would entitle him to relief"). The district court properly rejected the evidentiary hearing claim.

### IV

We affirm the denial of Bustamante's habeas petition. We need not address Bustamante's double jeopardy argument.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.