Jason Scott GUZMAN, Petitioner—
Appellant,

v.

David L. RUNNELS, Warden,
Respondent—Appellee.

No. 05–55819.

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2006.*

Decided April 6, 2006.

Harry W. Simon, Esq., Federal Public
Defender's Office, Los Angeles, CA, for
Petitioner–Appellant.

Rama R. Maline, Esq., AGCA–Office of
the California Attorney General, Los An-
geles, CA, for Respondent–Appellee.

Before: D.W. NELSON and
O'SCANNLAIN, Circuit Judges, and
JONES,** District Judge.

MEMORANDUM ***

Jason Guzman appeals the district
court's denial of his habeas petition. The

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. P. 34(a)(2).

** The Honorable Robert C. Jones, District
  Judge for the District of Nevada, sitting by
  designation.

facts and prior proceedings are known to the parties, and are restated herein only as necessary.

## I

■ Guzman first argues that his trial counsel, Cynthia Kairys, rendered ineffective assistance by failing to move to suppress an allegedly coerced statement made by Angela Nunez—Guzman's then-girlfriend—to police. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if we were to agree that the statement had been coerced and could have been suppressed, the decision not to object to the statement was a sound strategic one. Nunez's statement both corroborated Guzman's alibi and reinforced his third-party culpability theory, his two main lines of defense. *See Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." (citation omitted)); *Murtishaw v. Woodford*, 255 F.3d 926, 951 (9th Cir.2001). Even if this strategy were not sound, the error did not prejudice Guzman. Nunez's statement would have been admitted for impeachment purposes, *see* California Evidence Code §§ 356 and 1235, even if it had been obtained in an unconstitutional manner. *See People v. Peevy*, 17 Cal.4th 1184, 73 Cal.Rptr.2d 865, 953 P.2d 1212, 1220–24 (1998); *Harris v. New York*, 401 U.S. 222, 224, 226, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

We cannot say, therefore, that the California Court of Appeal's *Strickland* analysis was "objectively unreasonable." § 2254(d)(1); *Bell v. Cone*, 535 U.S. 685, 698–699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

## II

■ Guzman next argues that his trial counsel provided ineffective assistance by failing to present additional evidence establishing that his head was shaved at the time of the murder. We agree with the California Court of Appeal that even if it had been an error to fail to investigate this evidence further, the error was not prejudicial.

The eyewitness to the shooting testified that the shooter's hair was short, though not shaven. This is not inconsistent with Guzman's having a shaved head more than a week before the shooting and therefore does not necessarily undermine the eyewitness's testimony. Guzman also contends that because his head was shaved, the eyewitness should have been able to see his tattoos. However, the trial testimony did not indicate whether the eyewitness saw the back of Guzman's head. Further, the photograph in question did not show the back of Guzman's head, so it would not necessarily have established whether his tattoos would have been visible to an eyewitness given Guzman's hair length. Thus, testimony as to the specific date on which the photograph was taken would have been of little relevancy. Further, the Court of Appeal noted that other testimony established the length of Guzman's hair, including Guzman's testimony, Nunez's testimony, and Guzman's booking photo. Though additional evidence from a neutral party might have been probative, it would also have been redundant, mitigating against a finding that the error was prejudicial. Finally, given the other substantial evidence against Guzman, even if Kairys had investigated the photograph, this alone would not make it reasonably probable that a different verdict would have resulted, as *Strickland* requires. *Id.*

Kairys's alleged failure to investigate evidence of questionable relevance and certain redundancy—which she only learned existed late in the trial—is not a sufficient basis for Guzman's *Strickland* claim. *Wiggins*, 539 U.S. at 521–22, 123 S.Ct. 2527 (" '[A] particular decision not to inves-

tigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."' (quoting *Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052)); *see also Lowry v. Lewis,* 21 F.3d 344, 346 (9th Cir.1994) (noting that trial counsel's resources are limited, so investigation is never costless and can reasonably be reserved for important matters).

Even if there were an error, it is not sufficient to undermine our confidence in the outcome of the proceeding. It follows that the Court of Appeal's conclusion—that it is not "reasonably probable" that if Kairys had introduced this evidence, the result of the proceeding would have been different—was not "objectively unreasonable." § 2254(d)(1).

The district court properly denied Guzman's habeas petition.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.