Louis **DEVINCENTIS**, Plaintiff–Appellant,

v.

Kenneth **QUINN**, Defendant–Appellee.

No. 07–35396.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Feb. 13, 2008.

Jeffrey E. Ellis, Esq., Ellis Holmes & Witchley, PLLC, Seattle, WA, for Plaintiff–Appellant.

John J. Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Defendant–Appellee.

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,* District Judge.

### MEMORANDUM **

Louis DeVincentis appeals the district court's order denying his petition for a writ of habeas corpus and dismissing his action. We affirm.

We review de novo the district court's decision to deny a habeas petition. *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000), cert. denied, 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 183 (2000). Habeas relief may be granted only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). Under the "contrary to" clause, the petition may be granted if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring). Under the "unreasonable application" clause, the petition may be granted if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's appli-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

cation of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (citations omitted).

DeVincentis argues that his trial counsel was deficient in failing to call his children and wife as witnesses to rebut the testimony of a prior victim, V.C., whose testimony was admitted to show a common scheme or plan to molest young girls.

■ The state court's decision that DeVincentis failed to establish ineffective assistance of counsel was not an unreasonable application of the law. The state court concluded that trial counsel made a reasonable judgment in "declining to call witnesses whose impartiality could be questioned and through whom DeVincentis's past abuse might be further explored." The state court further held that trial counsel adopted a reasonable strategy of arguing at the pretrial hearing that the offenses against V.C. were not sufficiently similar to satisfy the "common scheme or plan" test and that trial counsel sought to impeach V.C.'s testimony by questioning her about inconsistencies in her statements. The state court reasonably concluded that trial counsel's decision not to further investigate potential testimony by DeVincentis's family members was supported by "reasonable professional judgments." *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Even if trial counsel's performance had been deficient, the state court reasonably concluded that DeVincentis failed to establish prejudice. There is no reasonable probability that the trial court would have excluded V.C.'s testimony had DeVincentis's wife and children testified. *See Lowry v. Lewis*, 21 F.3d 344, 346–47 (9th Cir. 1994). Their testimony would not have rebutted several aspects of V.C.'s testimony that the trial court found relevant to a common scheme or plan, including that DeVincentis asked both V.C. and K.S. for massages, that he asked both girls to hold or massage his penis, that he asked both if his lack of dress bothered them, that he told both girls not to tell anyone about his behavior, and that he told each girl on at least one occasion to take her clothes off. Furthermore, the rebuttal testimony would have substantiated key points in V.C.'s testimony, including that DeVincentis showed nude pictures to V.C., and that he sat behind V.C. on an exercise machine.

Even if the trial court had excluded V.C.'s testimony, the Washington Supreme Court was not objectively unreasonable in concluding that there is no reasonable possibility that DeVincentis would have been acquitted. Although the trial court found that V.C.'s testimony corroborated K.S.'s testimony, the court also credited other corroborating evidence, including the testimony of K.S.'s mother and two of K.S.'s friends. The court made detailed findings regarding the specific events surrounding DeVincentis's abuse of K.S., findings it could make only based on K.S.'s testimony and the testimony of her mother and friends. The state court was not objectively unreasonable in concluding that there is no reasonable probability that DeVincentis would have been acquitted had the trial court heard the rebuttal testimony.

The district court did not abuse its discretion in refusing to grant an evidentiary hearing because, even assuming the truth of the supporting declarations, DeVincentis has not made a persuasive claim that his attorney's performance was deficient or that there was prejudice to the outcome of his trial.

■ Finally, DeVincentis argues that his sentence violates his Sixth Amendment right to jury trial. Under the Washington

Sentencing Reform Act, a defendant's sentencing range is based in part on an "offender score," which is calculated based on prior felony convictions, including any out-of-state convictions that are comparable to Washington offenses. *See* Wash. Rev. Code § 9.94A.525(3). To determine whether an out-of-state offense is comparable to a Washington offense, the trial court first compares the elements of the two crimes. *In re Lavery,* 154 Wash.2d 249, 111 P.3d 837, 841 (2005). "If the elements of the foreign conviction are comparable to the elements of a Washington ... offense on their face, the foreign crime counts toward the offender score as if it were the comparable Washington offense." *Id.* If the elements of the two crimes are not "substantially similar," the court may review the indictment or information for the out-of-state offense to determine if the defendant's conduct would have violated a comparable Washington law. *Id.*

DeVincentis argues that his sentence violates his right to jury trial under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), because his sentence was increased based on facts found by a judge rather than a jury. The trial court included two prior New York convictions for sexual abuse in DeVincentis's offender score after finding that the offenses were comparable to the Washington crime of indecent liberties. The Washington offense of indecent liberties requires proof that the victim is not the defendant's spouse, an element that is not required for conviction in New York. DeVincentis argues that the trial court must have found that his New York victim was not his spouse in order to find the conviction comparable to the Washington offense of indecent liberties and that such judicial fact-finding violates his right to jury trial.

We disagree. Even if the sentence was based on judicial factfinding, the increased sentence did not violate clearly established federal law at the time DeVincentis's sentence became final. This case falls squarely within our holding in *Schardt v. Payne,* 414 F.3d 1025 (9th Cir.2005). In *Schardt,* the petitioner argued, as DeVincentis does here, that his sentence violated *Apprendi* because the trial judge imposed a sentence greater than the standard range based on judicial factfinding. *Id.* at 1032. We held that prior to the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), it was not a violation of clearly established federal law to impose a sentence greater than the standard sentencing range but within the statutory maximum based on findings made by a judge rather than a jury. *Schardt,* 414 F.3d at 1035, 1037. *Blakely* established for the first time the rule that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely,* 542 U.S. at 303, 124 S.Ct. 2531. We also held in *Schardt* that *Blakely* may not be applied retroactively on collateral review to a conviction that was final before *Blakely* was decided. *Schardt,* 414 F.3d at 1038. DeVincentis's conviction became final in 2003, before the Supreme Court's decision in *Blakely.* Accordingly, his sentence did not violate his Sixth Amendment right to a jury trial at the time his conviction became final.

AFFIRMED.