UNITED STATES of America, Plaintiff–Appellee,

v.

Samuel MERCADO–ULLOA, Defendant–Appellant.

No. 07–35423.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 7, 2008.*

Filed Feb. 19, 2008.

Helen J. Brunner, Esq., Bruce F. Miyake, Esq., Ye–Ting Woo, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Gilbert H. Levy, Esq., Law Office of Gilbert H. Levy, Seattle, WA, for Defendant–Appellant.

Before: FISHER, GOULD and IKUTA, Circuit Judges.

## MEMORANDUM **

Samuel Mercado–Ulloa (Mercado) challenges his 1996 federal conviction, which in part relied on a taped conversation involving Mercado, a co-conspirator and a government informant. His trial counsel recognized that the tape was unclear and garbled in places, but did not object to its admissibility. She stipulated to the jury's use of a transcript while the informant was testifying and did not try to impeach the government's translation of the tape. In a successive 28 U.S.C. § 2255 petition, Mercado claims that trial counsel was ineffective on these accounts. The district court dismissed his petition without an evidentiary hearing. Where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," an evidentiary hearing is not required. 28 U.S.C. § 2255(b); *see United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir.2003). We therefore affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "strategic choices made after thorough investigation of law and facts … are virtually unchallengeable." *Id.* at 690, 104 S.Ct. 2052. The record conclusively establishes that trial counsel's investigation into the facts and law governing the admissibility of the tape was adequate to support a strategic choice not to object.

Every person fluent in Spanish who listened to the tape before trial—two translators retained by the government, an independent translator retained by trial counsel to review the translation prepared by the government and an investigator at the Public Defender's office—substantially understood the taped conversation. In addition, a law clerk at the Public Defender's office prepared a thorough memo analyzing the admissibility of partially inaudible tape recordings. Trial counsel's reliance on these assessments and decision not to investigate further were reasonable and justified. *See Harris v. Vasquez*, 949 F.2d 1497, 1525 (9th Cir.1990).

Competent counsel need not make objections that—given the facts as they appear to be "as of the time of counsel's conduct," *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052—do not appear to have a reasonable chance of success. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir.2005); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir.1994). It would have been reasonable for counsel to conclude there was no reasonable probability that the district court would have sustained Mercado's objections. The government could readily have established that the "unintelligible portions" of the tape were not "so substantial that the recording as a whole [was] untrustworthy." *See United States v. Lane*, 514 F.2d 22, 27 (9th Cir.1975). Similarly, nothing trial counsel knew would have suggested that the government's translation

was so substantially inaccurate as to be unusable by the jury. *See United States v. Pena–Espinoza*, 47 F.3d 356, 360 (9th Cir. 1995). Once the initial hurdle of admissibility is surmounted, "the credibility or probative force of the evidence offered is, ultimately, an issue for the jury." *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir.1985).

Mercado has not overcome the presumption that trial counsel's acquiescence in the admission of the tape and use of the transcript constituted "sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (internal quotation marks omitted).

**AFFIRMED.**