NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RUBEN F. MENDOZA,

Petitioner - Appellant,

v.

DOMINGO URIBE, Jr., Warden,

Respondent - Appellee.

No. 12-56792

D.C. No. 5:11-cv-01644-JST-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted December 12, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

In 2007, petitioner Ruben F. Mendoza was convicted and sentenced to life

with the possibility of parole after seven years for attempted murder and one year

for shooting at an occupied motor vehicle. On timely appeal from the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's denial of his 28 U.S.C. § 2254 habeas petition, Mendoza argues that the state court unreasonably held that his trial counsel was not ineffective for failing to bring a motion to suppress the victim's out-of-court identification of him in a one-on-one show-up several hours after the shooting. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Mendoza has neither demonstrated that the state court's denial of his constitutional claim was contrary to or an unreasonable application of clearly established Supreme Court precedent – *Strickland v. Washington*, 466 U.S. 668 (1984) – nor that it was based on an unreasonable determination of the facts. We affirm.

Mendoza's ineffective assistance claim fails because it was not unreasonable for the state court to have decided that any suppression motion would not have been granted. The record amply supports the conclusion that Mendoza was not prejudiced by the show-up or by Officer Griego's statements immediately prior to the show-up: (1) the victim had two opportunities to view Mendoza in a well-lit apartment the night of the shooting; (2) the victim made his identification less than five hours after the shooting; and (3) Mendoza's identification was corroborated by other evidence, including his DNA extracted from a straw left at the victim's girlfriend's apartment, the fact that the police found the vehicle involved in the shooting parked at his mother's house several hours after the shooting, and

Mendoza's efforts from jail to persuade the victim's girlfriend to recant her previous identification of him. It is not ineffective assistance for counsel to fail to bring a futile motion. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).

The state court's determination that there was "more than sufficient evidence to sustain the identification of [Mendoza] as one of the shooters" was not an unreasonable determination of the facts. It is clear that the court was referring – correctly – to Mendoza's role as the driver of the car. Mendoza aggressively chased the victim and positioned the car alongside the victim so that the sole passenger could fire directly at him.

The court construes Mendoza's briefing with respect to the victim's girlfriend's identification as a motion to expand the certificate of appealability, and we deny the same.

**AFFIRMED**.