NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENN ELLIOTT LEONARD,

Petitioner-Appellant,

v.

STATE OF OREGON; FRANKIE,
Superintendent,

Respondents-Appellees.

No.    16-35225

D.C. No. 2:13-cv-01865-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted March 9, 2018[**]
Portland, Oregon

Before:  N.R. SMITH, CHRISTEN, and HURWITZ, Circuit Judges.

Glenn Leonard, an Oregon state inmate, appeals the district court's denial of

his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  We affirm.

1.  Leonard failed to exhaust his ineffective assistance of appellate counsel

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

claim in the state PCR proceedings. 28 U.S.C. § 2254(b)(1)(A). Thus, for a federal court to address this claim in a § 2254 proceeding, Leonard must establish both "cause" for that failure to exhaust and "prejudice" from the alleged constitutional violation. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Leonard asserts that the cause of his failure to exhaust was PCR counsel's ineffectiveness. In *Davila v. Davis*, however, the Supreme Court held that PCR counsel's ineffectiveness provides cause for failure to exhaust only a narrow type of claim: ineffective assistance of counsel at trial. 137 S. Ct. 2058, 2062–63 (2017).

2. Leonard also argues that his trial counsel was ineffective for failing to object to a witness's testimony. The claim rests on *State v. Southard*, 218 P.3d 104 (Or. 2009), decided by the Oregon Supreme Court after Leonard's trial. Before *Southard*, Oregon law was unsettled on whether the testimony at issue was admissible under Oregon's expert witness evidence rule. *Compare State v. Middleton*, 657 P.2d 1215, 1221 (Or. 1983), *with State v. Sanchez-Cruz*, 33 P.3d 1037, 1038–39, 1045 (Or. Ct. App. 2001). The state PCR court's ruling that trial counsel was not ineffective was therefore not unreasonable. 28 U.S.C. § 2254(d)(1); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (holding that counsel "cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* as of the time of counsel's conduct") (internal quotation marks and citation omitted).

2

**AFFIRMED.**