**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEREMY SHANE HALL,

Petitioner-Appellant,

v.

JOHN M. MYRICK, Superintendent, Two Rivers Corr. Institution,

Respondent-Appellee.

No. 17-35709

D.C. No. 3:15-cv-00060-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted October 9, 2018
Portland, Oregon

Before: FISHER and CALLAHAN, Circuit Judges, and BENCIVENGO,[**] District Judge.

Jeremy Shane Hall appeals the district court's denial of his 28 U.S.C. § 2254

federal habeas petition based on ineffective assistance of counsel. We have

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, we review de novo, *see Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004), and we affirm.

1. Hall argues his trial counsel was ineffective for failing to object to a sexual abuse diagnosis notwithstanding a lack of physical evidence to support that diagnosis. The claim rests on *State v. Southard*, 218 P.3d 104 (Or. 2009), decided by the Oregon Supreme Court two years after Hall's trial. Before *Southard*, decisions by the Oregon Court of Appeals allowed admission of the testimony at issue. *See, e.g., State v. Wilson*, 855 P.2d 657 (Or. Ct. App. 1993); *State v. Sanchez-Cruz*, 33 P.3d 1037 (Or. Ct. App. 2001). In light of the doubly deferential standard of review, the state post-conviction review (PCR) court reasonably concluded trial counsel was not ineffective. *See* 28 U.S.C. § 2254(d)(1); *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) ("*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms."); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (holding counsel "cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* as of the time of counsel's conduct" (internal quotation marks and citation omitted)).

2.      Hall also argues trial counsel was ineffective for failing to object to expert testimony highlighting the indicia of truth in the victim's statements to investigators. This claim rests on *State v. Lupoli*, 234 P.3d 117 (Or. 2010), decided by the Oregon Supreme Court three years after Hall's trial. Before *Lupoli*, a decision by the Oregon Supreme Court allowed the admission of the testimony at issue. *See State v. Middleton*, 657 P.2d 1215 (Or. 1983); *see also State v. Remme,* 23 P.3d 374 (Or. Ct. App. 2001). Again, the PCR court reasonably concluded *Strickland* did not require prescience here. Moreover, even if trial counsel had a legal basis to object, the PCR court reasonably concluded that trial counsel's failure to object was strategic because an objection may have complicated Hall's attempts to present similar testimony attacking the credibility of the victim. *See Cullen v. Pinholster*, 563 U.S. 170, 196 (2011).

3.      Trial counsel was not ineffective for failing to object to an alleged *Griffin* error in the prosecution's closing. The PCR court reasonably concluded that trial counsel had valid, strategic reasons for not objecting because he did not want to draw further attention to the damaging statement, and he wanted to avoid a mistrial. *See Demirdjian v. Gipson*, 832 F.3d 1060, 1072-73 (9th Cir. 2016).

**AFFIRMED.**

3