NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANTONIO WOOTEN, | No. 18-16657 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-03755-VC |
| v. | |
| WARREN L. MONTGOMERY, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted May 15, 2020**
San Francisco, California

Before: R. NELSON and BRESS, Circuit Judges, and BLOCK,*** District Judge.

Miguel Wooten appeals the district court's denial of his 28 U.S.C. § 2254

petition as well as the district court's refusal to expand the record. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 2253 and affirm.

We review de novo the district court's denial of Wooten's § 2254 petition. *Deck v. Jenkins*, 814 F.3d 954, 977 (9th Cir. 2016). The petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which bars relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the claim was raised only in state habeas proceedings and then summarily denied, we must determine "what arguments or theories . . . could have supported[] the state court's decision" and then decide "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

1. Wooten contends that he received constitutionally ineffective assistance of counsel when his trial attorney failed to move to suppress Wooten's confession to police that he shot William Johnson. To establish ineffective assistance of counsel, Wooten must demonstrate both deficient performance and prejudice under the familiar standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under AEDPA, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself," because "[t]he pivotal question is whether the state court's application of the

2

*Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101.

a.      Wooten first argues that his trial counsel was ineffective for failing to move to suppress his confession as fruit of his illegal arrest for violating former California Penal Code § 12034 (2009). But the district court declined to issue a certificate of appealability on this issue, and Wooten did not comply with the requirements of Ninth Circuit Rule 22-1(e) in seeking to raise the uncertified issue on appeal. The issue is therefore not properly before us. *See* 28 U.S.C. § 2253(c).

Regardless, Wooten's argument lacks merit and so we decline to issue a certificate of appealability. As relevant here, California law made it a misdemeanor for a driver "knowingly to permit any other person to carry into or bring into the vehicle a firearm" in certain public places. Cal. Penal Code §§ 12034(a) (2009) (since re-codified at Cal. Penal Code § 26100). Officers observed Wooten allow another individual, Jarvis Toussaint, into his car, and Wooten was entering the driver's seat when officers observed a firearm on Toussaint's side of the vehicle.

These observations established probable cause that Wooten committed a misdemeanor in the officers' presence. A motion to suppress on the basis of an unlawful arrest was thus unlikely to succeed, and a state court could reasonably determine that Wooten's counsel did not render deficient performance by failing to file a meritless motion. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).

b.      Wooten next challenges his attorney's failure to move to suppress his

3

confession on the grounds that it was obtained after police unreasonably delayed Wooten's probable cause determination. *See Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1992) (holding that the Fourth Amendment prohibits delaying a probable cause hearing "for the purpose of gathering additional evidence to justify the arrest"). Wooten argues that police obtained his confession by unlawfully delaying his probable cause hearing on the weapon charge in order to question him about a different crime (Johnson's murder), so his confession would have been suppressed if his counsel had filed the appropriate motion.

Even assuming deficient performance, a state court could reasonably conclude that Wooten was not prejudiced by his counsel's failure to file a motion under *McLaughlin*, because suppression was unlikely. In *Powell v. Nevada*, 511 U.S. 79 (1994), the Supreme Court left open whether suppression is an appropriate remedy for a *McLaughlin* violation. *See id.* at 85 n.*. And the Supreme Court has held that under AEDPA, "[i]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Richter*, 562 U.S. at 101 (quotations omitted).

Wooten's reliance on *People v. Jenkins*, 19 Cal. Rptr. 3d 386 (Ct. App. 2004), does not demonstrate prejudice under AEDPA. Even assuming this state case is relevant to our analysis under AEDPA, *Jenkins* suppressed inculpatory statements after the defendant was arrested for one crime but questioned "about another crime

4

for which there was no probable cause to arrest him." *Id.* at 394.

Here, we agree with the district court that a reasonable jurist could conclude there was probable cause to arrest Wooten for murder based on Toussaint informing police that Wooten shot Johnson, where Toussaint's account was corroborated by the fact that he and Wooten were later arrested for unlawfully carrying a firearm while traveling together in the same car. Because a reasonable jurist could determine there was probable cause to arrest Wooten for Johnson's murder, a reasonable jurist could distinguish this case from *Jenkins* and conclude suppression was unwarranted.

A reasonable jurist could also find suppression unwarranted under *Jenkins* because *Jenkins* held suppression is required only when the statement "was not sufficiently an act of free will to purge the primary taint of the unlawful invasion." 19 Cal. Rptr. 3d at 400 (quotations omitted). Especially with the AEDPA overlay, a reasonable jurist could conclude that Wooten's confession was sufficiently voluntary under *Jenkins*. Among other things, Wooten was properly *Mirandized* and chose to speak with police without a lawyer. Sgt. Jones also sought and obtained a court order removing him from jail to an interview room before questioning him. Taking these and other factors in the record together, suppression was not beyond fair-minded disagreement. *Richter*, 562 U.S. at 102.

2. Lastly, Wooten argues that the district court improperly denied his request to expand the record to include a description of Johnson's killer given by

5

Antione Knox, a witness to the shooting. We review the district court's refusal to expand the record for abuse of discretion. *Djerf v. Ryan*, 931 F.3d 870, 884 (9th Cir. 2019).

Wooten's request is foreclosed by *Cullen v. Pinholster*, 563 U.S. 170 (2011), which held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. Wooten's underlying claim is reviewed under § 2254(d)(1) and the information Wooten seeks to introduce was not before the state courts. Regardless, and particularly under AEDPA, Wooten has not demonstrated that Knox's description would have defeated probable cause and thereby supported his *Strickland* claim.

We have carefully reviewed Wooten's remaining arguments and conclude they are without merit.

**AFFIRMED.**