**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-35786 |
| Plaintiff-Appellee, | D.C. Nos. 9:19-cv-00170-DLC |
| v. | 9:16-cr-00028-DLC-2 |
| NICK WEST, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted February 10, 2022[**]
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Nick West appeals the denial of a motion under 28 U.S.C. § 2255. West

seeks relief from his conviction, arising out of a plea agreement, under the residual

clause of 18 U.S.C. § 924(c)(3)(B), which the Supreme Court held

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2323–24 (2019). West did not raise the unconstitutionality of § 924(c)(3)(B) at trial or on direct appeal. West argues that he can demonstrate cause and prejudice to overcome the apparent procedural default of this claim. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255(d), and we affirm the district court. Because the parties are familiar with the facts, we do not recite them here.

A petitioner may overcome procedural default by showing either: (1) cause and actual prejudice or (2) actual innocence. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982) (cause and prejudice); *Murray v. Carrier*, 477 U.S. 478, 497 (1986) (actual innocence).[1]

West argues that he has cause and prejudice for the procedural default because his trial counsel was incompetent in failing to raise the potential unconstitutionality of the residual clause § 924(c)(3)(B) upon which Count 9 of the plea agreement was based. Further, he contends that the unconstitutionality of the clause following the Supreme Court's ruling in *Davis* represents an independent

---

[1] West does not argue actual innocence and, since the district court considered actual innocence below, the argument is waived. *See United States v. Seschillie*, 310 F.3d 1208, 1217 (2002) ("[A]rguments not raised in the opening brief are deemed waived."); *cf. Bousley v. United States*, 523 U.S. 614, 623 (1998) (remanding to the district court to consider actual innocence when the district court had failed to evaluate actual innocence in the first instance).

reason for the plea agreement's invalidity.  West cannot demonstrate cause and prejudice under either theory.

1.      West's trial counsel was not deficient, nor did any alleged ineffective assistance result in prejudice to West.  *See Strickland v. Washington*, 466 U.S. 668, 687–94 (1984).  We have held time and again that a lawyer cannot be expected to anticipate changes in the law, nor to seek a lengthy continuance to determine their resolution.  *See United States v. Juliano*, 12 F.4th 937, 940–41 (9th Cir. 2021); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).  At the time of West's plea agreement, the Supreme Court was still nearly two and a half years away from issuing its final decision in *Davis*, and over a year from deciding *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), upon which it would base its remand in *Davis*. West demonstrates, at best, that his counsel failed to predict the future.

Nor was West prejudiced.  Given the strength of the charges against him—multiple eyewitnesses ready to testify (including West's own co-conspirators), a telephone line kept open to authorities throughout the course of events, and the recovery of the weapon in his possession—West does not demonstrate a reasonable probability that the government would have reduced the length of sentence offered simply because he pointed out a potential constitutional

3

deficiency in the plea agreement, as it was written. *See Strickland*, 466 U.S. at 694.

2.     Even if one assumes that West could show cause, he cannot otherwise demonstrate prejudice. West committed a horrendous crime and faced iron-clad evidence against him. Here, the plea agreement was not only the most lenient option available to West, but it was also based on the dismissal of substantially more serious charges, which themselves would have satisfied the predicate charge requirements of Count 9.

West was charged with eleven counts. West's guilty plea dismissed all but three counts, as he pled guilty to Counts 1 (conspiracy to commit robbery affecting commerce), 3 (carjacking), and 9 (brandishing a firearm during a crime of violence). All told, the plea agreement reduced West's term of imprisonment from a possible mandatory minimum of fifty-two years to just fifteen. West provides no rationale to suggest that the government would not have availed itself of any number of alternative combinations of charges to reach the same result had he disputed the constitutionality of Count 9 as pled.

The substantial benefit to West from the plea agreement, taken together with the strength of the record against him, demonstrates that West was not prejudiced.

**AFFIRMED.**