**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS ARMANDO MESTA,

          Petitioner-Appellant,

v.

JOHN M. MYRICK,

          Respondent-Appellee.

No.   17-35801

D.C. No. 2:14-cv-01625-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 17, 2019
Portland, Oregon

Before:  N.R. SMITH and WATFORD, Circuit Judges, and SELNA,[**] District
Judge.

      Luis Armando Mesta appeals the district court's denial of his habeas petition

under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

Penalty Act of 1996 (AEDPA). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Oregon Court of Appeals did not unreasonably deny Mesta's ineffective assistance of appellate counsel claim, which is based on counsel's failure to amend Mesta's opening brief on direct appeal to challenge the admission of a medical diagnosis of sexual abuse without physical evidence under Rule 403 of the Oregon Rules of Evidence (Rule 403).

AEDPA creates a scheme of double-deference for reviewing Mesta's claim. First, the state courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and Mesta "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Additionally, counsel's "conduct must be evaluated . . . 'as of the time of counsel's conduct.'" *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). Second, we must uphold the Oregon Court of Appeals' decision denying Mesta's claim, "unless it is shown that the . . . decision 'was contrary to' federal law then clearly established in the holdings of [the United States Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based

2

on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (citations omitted).

Given the strong presumption in favor of counsel's reasonable professional assistance, it was not unreasonable for the state court to determine that Mesta failed to meet his high burden of demonstrating that appellate counsel's performance was deficient.[1] Though the Oregon Supreme Court has now declared that medical diagnoses of sexual abuse absent physical evidence are inadmissible under Rule 403, *State v. Southard*, 218 P.3d 104, 113 (Or. 2009), similar diagnoses of sexual abuse were generally admissible under Oregon law at the time appellate counsel filed Mesta's opening brief. *See State v. Sanchez-Cruz*, 33 P.3d 1037, 1038–39, 1045 (Or. Ct. App. 2001); *State v. Wilson*, 855 P.2d 657, 658 (Or. Ct. App. 1993). Accordingly, Mesta does not assert that appellate counsel was required to challenge the admission of the relevant medical diagnosis on Rule 403 grounds in the opening brief.

Instead, Mesta argues that appellate counsel was required to amend the brief to add a Rule 403 challenge once the Oregon Supreme Court issued a press release stating that, in *Southard*, the court would consider the admissibility of medical

---

[1]Because we find that counsel was not deficient, we do not reach the issue of prejudice. *See Strickland*, 466 U.S. at 687.

diagnoses of sexual abuse on both Rule 403 and improper vouching grounds. The Oregon Court of Appeals rejected this argument, concluding that counsel "may have reasonably decided . . . that raising [the Rule 403 claim] after the Supreme Court granted review in *Southard* was not worth the candle." *Mesta v. Franke*, 322 P.3d 1136, 1151 (Or. Ct. App. 2014).

Counsel could have determined that an improper vouching challenge against the medical diagnosis—which counsel raised—was more likely to succeed than a Rule 403 challenge, and thereby winnowed out the Rule 403 challenge. *See Smith v. Murray*, 477 U.S. 527, 536 (1986) ("[The] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983))). This determination was reasonable, because existing caselaw emphasized the impermissibility of vouching testimony in similar contexts. *See State v. Milbradt*, 756 P.2d 620, 624 (Or. 1988) ("We have said before, and we will say it again, but this time with emphasis-we really mean it-*no psychotherapist may render an opinion on whether a witness is credible in any trial conducted in this state*. The assessment of credibility is for the trier of fact and not for psychotherapists.") (emphasis in original); *State v. Keller*, 844 P.2d 195, 199–202 (Or. 1993). Indeed, Mesta does not claim that this initial

4

winnowing determination was improper; instead he claims error only *after* the

Oregon Supreme Court issued its press release twelve days later.[2] However,

nothing in the press release altered the winnowing calculus. As the state court

emphasized, "there was nothing to particularly indicate that the court was going to

decide the case on [the Rule 403] issue, let alone decide it in a manner favorable to

petitioner." *Mesta*, 322 P.3d at 1149; *see also Lowry*, 21 F.3d at 346 (holding that

counsel is not "required to anticipate" a drastic change in the law).

Additionally, the press release expressly directed that "practitioners *'should

not rely on . . .* the statement of issues to be decided . . . as indicating the questions

that the Supreme Court will consider.'" *Mesta.* 322 P.3d at 1147 n.4 (emphasis

added).[3] Given the qualified nature of this release, we simply cannot find that,

---

[2]Mesta does claim that counsel did not choose to make a vouching argument instead of a Rule 403 argument, noting that counsel later explained that he "attempt[ed] to obtain relief for [Mesta] on ultimately the same basis as *Southard*." However, the record supports the state court's contrary finding. The appellate brief exclusively discussed vouching concerns, without mentioning Rule 403 or engaging in the type of balancing analysis required by that Rule. Though the brief asserts that vouching testimony "misleads the jury" and "confuses the issues that are before it," those statements merely presented justifications for a rule against vouching, and did not constitute a separate Rule 403 argument.

[3]The prudence of the court's disclaimer is evident from the fact that the press release indicated that whether medical diagnoses of sexual abuse without physical evidence constitute impermissible vouching was also an issue on review. As Mesta acknowledges, that was not the issue that was ultimately ruled upon in *Southard*. *See Mesta*, 322 P.3d at 1147.

contrary to the state court's determination, the release imposed a constitutional duty for counsel to amend Mesta's opening brief to incorporate all potential issues mentioned therein.

**AFFIRMED.**

*Mesta v. Myrick,* No. 17-35801

WATFORD, Circuit Judge, dissenting:

I would reverse. In my view, the Oregon Court of Appeals unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in concluding that Mesta's direct appeal counsel exercised reasonable professional judgment in declining to amend Mesta's opening brief.

Mesta's lawyer's decision cannot be justified as an exercise in "winnowing" his arguments on appeal. Mesta raised only two arguments in his opening brief. His first argument—that Oregon's non-unanimous jury verdicts violate the state constitution—stood no chance, for it had already been rejected by the Oregon Supreme Court. *See State v. Osbourne*, 57 P.2d 1083, 1084 (Or. 1936). His remaining argument, and the only argument relevant here, was that the expert sexual-abuse diagnoses should have been excluded at trial. Mesta raised only one legal ground in support of that argument—improper vouching—but that ground was doomed to fail in the Oregon Court of Appeals as well, as it was foreclosed by prior precedent. *See State v. Wilson*, 855 P.2d 657, 660 (Or. Ct. App. 1993). So when the Oregon Supreme Court granted review in *State v. Southard*, 218 P.3d 104 (Or. 2009), and indicated that it would be considering not only the improper vouching ground but also exclusion under Rule 403, there was no downside to amending the opening brief to add Rule 403 as an additional ground. Mesta's trial

counsel had properly preserved both grounds. At that point, Mesta's appellate lawyer was not trying to maximize Mesta's chances of prevailing in the Oregon Court of Appeals. Mesta was going to lose in that court either way.

The only strategic call to be made was deciding what effect—positive or negative—adding the Rule 403 ground to Mesta's Court of Appeals opening brief would have on his chances of success in the Oregon Supreme Court, in the event *Southard* came out in the defendant's favor. As to *that* strategic call, there was no downside whatsoever to adding the Rule 403 ground. Doing so would not have reduced Mesta's chances of success in the Oregon Supreme Court; it would only have improved his chances of success by ensuring that he had preserved for review in the Oregon Supreme Court both of the legal grounds that the court itself had indicated it would be considering in *Southard*. No competent lawyer could have made the decision to forgo that obvious upside in the face of no conceivable downside.

That remains true even though Mesta's lawyer obviously could not have predicted which of the two grounds the Oregon Supreme Court might ultimately rest its decision on. Indeed, it is precisely because Mesta's lawyer could *not* predict in advance on which ground the Supreme Court might rely that his failure to preserve both grounds constituted deficient performance. I think that conclusion is sufficiently obvious to render the contrary decision of the Oregon Court of

Appeals unreasonable under 28 U.S.C. § 2254(d)(1).

As to prejudice, the State has conceded that, but for his lawyer's mistake, Mesta would have been granted a new trial following the decision in *Southard*. His petition for a writ of habeas corpus should therefore have been granted.