**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50415 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00380-VAP-1 |
| v. | |
| CHRISTOPHER INOUE, etc., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District
Judge.[**]

Defendant Christopher Inoue ("Inoue") appeals his conviction and 144-

month sentence for conspiracy to commit an assault with a dangerous weapon,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

with intent to do bodily harm, and to commit an assault resulting in serious bodily injury, in violation of 18 U.S.C. § 371; assault with a dangerous weapon, with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3); and assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

**1.** The district court did not abuse its discretion in admitting color photographs of the victim's injuries. The photographs were not unfairly prejudicial and were highly probative of several material issues in dispute. *See* Fed. R. Evid. 403; *see also United States v. Brady*, 579 F.2d 1121, 1129 (9th Cir. 1978) (victim photographs are "inadmissible only when the picture is of such gruesome and horrifying nature that its probative value is outweighed by the danger of inflaming the jury.") (internal citation omitted).

**2.** The district court did not abuse its discretion in admitting out-of-court statements into evidence as non-hearsay coconspirator statements. A statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). A coconspirator's statement "is admissible against the defendant if the government shows by a preponderance of the evidence that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement

2

was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000).

The government showed by a preponderance of the evidence that there was a conspiracy among several inmates that members of their group would not write notes to prison officials or other inmates that mentioned other group members, and that failure to adhere to the rules of the group would result in retribution. The government further showed that Inoue had knowledge of, and participated in, the conspiracy, and that the out-of-court statements were made in furtherance of the conspiracy. Thus, the out-of-court statements were properly admitted as non-hearsay statements by a coconspirator.

**3.** The district court did not abuse its discretion in dismissing a juror who had two conversations with Inoue's girlfriend during the trial and replacing the juror with a qualified alternate before deliberations began. The district court may replace a juror with an alternate if the original juror is "unable to perform" or is "disqualified from performing [his or her] duties." Fed. R. Crim. P. 24(c)(1). Even if the district court did err, Inoue has not shown that he suffered any prejudice. *See United States v. Lustig*, 555 F.2d 737, 746 (9th Cir. 1977) ("It is difficult to see what prejudice could result from placing an alternate juror, approved by the defendants, on the jury in place of a juror who cannot fairly

3

perform his duties. The opposite would have been prejudicial.").

**4.** Finally, Inoue contends that the district court erred in imposing a two-level obstruction of justice enhancement under application notes 4(a) and (b) of the Sentencing Guidelines § 3C1.1. He also argues that the sentence was substantively unreasonable because of the disparity between his sentence and his coconspirator's sentence. A court may only set aside a sentence if it is "procedurally erroneous or substantively unreasonable." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Under application note 4(a) of the Sentencing Guidelines § 3C1.1, the obstruction of justice enhancement is triggered where a defendant threatens, intimidates or otherwise unlawfully influences a witness. Application note 4(b) is triggered where a defendant willfully gives false material testimony. The record supports the district court's conclusion that Inoue threatened, intimidated, or otherwise unlawfully influenced the victim into writing a note stating that the victim threatened Inoue the night before the assault. Because we find that the district court did not err in imposing the obstruction of justice enhancement based on threats and intimidation, we do not need to reach whether the district court erred in imposing the obstruction of justice enhancement for willfully giving false material testimony.

4

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). After calculating the Guidelines range, the district court considered the 18 U.S.C. § 3553(a) factors and found that the assault was serious–it was a two-on-one fight with long-lasting and painful consequences, and it was planned in advance. The district court further found that the sentence was necessary to protect the safety and lives of others. Then, the district court correctly found that Inoue did not merit a downward variance to correct the disparity between his sentence and his coconspirator's sentence. Inoue and his coconspirator were not similarly situated. Inoue had a higher criminal history category, did not accept responsibility for the assault, and was just as culpable for the assault as his coconspirator. Furthermore, Inoue's coconspirator assisted the government in an important murder investigation. Thus, the district court properly considered the 18 U.S.C. § 3553(a) sentencing factors and crafted a sentence that was procedurally sound and substantively reasonable.

**AFFIRMED.**