NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIARAN PAUL REDMOND, AKA Irish, | No. 21-55142 |
| Petitioner-Appellant, | D.C. Nos. 2:20-cv-05170-SVW <br> 2:15-cr-00532-SVW-2 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 6, 2021
Pasadena, California

Before: BERZON, BEA, and NGUYEN, Circuit Judges.

Ciaran Redmond was imprisoned at the United States Penitentiary in

Victorville, California ("Victorville") when he assaulted a fellow inmate with a

metal shank. The attack was caught on security footage, and Redmond was charged

and convicted of assault with intent to commit murder, assault with a dangerous

weapon, and assault resulting in serious bodily injury in violation of 18 U.S.C. §§

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

113(a)(1), (a)(3), and (a)(6). Each charge required the government to prove, as an element of conviction, that the offense took place "within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 113(a).

In *United States v. Redmond*, No. 17-50004, 748 F. App'x. 760, 761 (9th Cir. 2018) ("*Redmond I*"), Redmond challenged his convictions on sufficiency of the evidence grounds, arguing that, while the prosecution introduced evidence that the assault occurred in a federal prison, there was no evidence at trial showing that the assault took place within the special maritime and territorial jurisdiction of the United States. The prior panel affirmed the judgment of conviction and took judicial notice of Victorville's jurisdictional status.[1] *Id.* at 761-62.

---

[1] The panel took judicial notice of Victorville's jurisdictional status by relying on several documents produced by the government. The two most relevant documents included a letter from the United States Department of War to the California governor, dated September 29, 1944, which accepted jurisdiction over the land underlying Victorville on behalf of the federal government, and a letter from the California State Lands Commission, dated September 27, 2002, stating that, while there was no information in the Commission's files indicating that the War Department letter was recorded with the San Bernardino County Recorder, the Commission "presum[ed]" that it was. *Redmond I*, 748 F. App'x at 761.

These documents matter because, for the federal government to gain jurisdiction over state land, it must comply with 40 U.S.C. § 3112, which requires an "authorized officer" to "indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated." In 1944, California Government Code § 120 required the governor to record that federal acceptance of jurisdiction over the land with the county recorder's office to effectuate the transfer of jurisdiction. *See People v. Brown*, 69 Cal. App. 2d 602, 605 (Cal. App. 1945).

In this habeas appeal ("*Redmond II*"), Redmond challenges his conviction again on two grounds: (1) he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), when his trial attorney failed to contest the jurisdictional element of the offense at trial, and (2) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it suppressed evidence that would tend to cast doubt on whether the federal government's jurisdiction over Victorville was legally effectuated.

We review de novo the district court's denial of a habeas petition brought under 28 U.S.C. § 2255, *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000), as well as the district court's *Brady* determinations, *United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2011). For the reasons set forth below, we affirm the district court's denial of habeas relief.

1.     **Ineffective Assistance of Counsel**

Ineffective assistance of counsel violates the Sixth Amendment. *Strickland*, 466 U.S. at 685-86. To establish ineffective assistance of counsel, Redmond must show: (1) his counsel's performance was deficient, and (2) the deficient performance caused prejudice. *Id.* at 687. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

Here, we need reach only the first prong of Redmond's *Strickland* claim. To

3

satisfy the deficiency prong, Redmond must show that his attorney's performance fell below an objective standard of reasonableness. *Browning v. Baker*, 875 F.3d 444, 471 (9th Cir. 2017). "Judicial scrutiny of counsel's performance must be highly deferential," and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Thus, there is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted).

In *United States v. Inoue*, No. ED CR 09-380(A) VAP, 2010 WL 11537485, at *1 (C.D. Cal. Aug. 11, 2010) (unpublished), *aff'd on other grounds*, 463 F. App'x 643 (9th Cir. 2011) (unpublished), a prisoner at the same prison at issue here (Victorville) was charged under the same assault statute (18 U.S.C. § 113).[2] There, the district court took judicial notice of Victorville's jurisdictional status based on the same documents the prior panel had at its disposal in *Redmond I. See Inoue*, 2010 WL 11537485, at *3-4. Although the district court decision in *Inoue* was not binding precedent, it was not unreasonable for Redmond's attorney to decide not to argue Victorville's jurisdictional status to the jury or in a motion for a judgment of acquittal to the trial court, as there was reason to believe that either

---

[2] The Ninth Circuit memorandum disposition affirming *Inoue* did not discuss the question whether it was appropriate for the district court to take judicial notice of Victorville's jurisdictional status. *Inoue*, 463 F. App'x at 644-46.

4

course would be unsuccessful given the outcome in *Inoue*. The Sixth Amendment does not require attorneys to pursue arguments that have a low probability of success. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).

Finally, we agree that there could well be merit to the claim that the transfer of jurisdiction from California to the federal government was not legally effectuated, as there is a lack of proof that the 1944 War Department letter was recorded in San Bernardino County. Still, Redmond's "lawyer cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'" *Lowry*, 21 F.3d at 346 (quoting *Strickland*, 466 U.S. at 690).

## 2. The *Brady* Claim

A *Brady* violation has three elements: (1) the evidence at issue is favorable to the defendant, (2) the evidence was suppressed by the state, and (3) prejudice ensued. *Shelton v. Marshall*, 796 F.3d 1075, 1083 (9th Cir. 2015).

Redmond claims that the War Department letter and the State Lands Commission letter were suppressed in violation of *Brady* because they were not made known to Redmond until after trial, during the direct appeal of his conviction. But both letters were publicly filed with the district court in *Inoue*. *See* Government's Opposition to Defendant's Motion for a New Trial, Ex. A, *United States v. Inoue*, No. ED CR 09-380(A) VAP (C.D. Cal. Aug. 11, 2010). Given the

5

similarities between Redmond's case and *Inoue*, Redmond had "enough information to be able to ascertain the supposed *Brady* material on his own," meaning that "there [was] no suppression by the government." *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991).

     **AFFIRMED.**